LEE (GAITHER v.). See Case No. 5,182.

---

## Case No. 8,189.

### LEE v. GAMBLE.

[3 Cranch, C. C. 374.] [1]

Circuit Court, District of Columbia. Dec. Term, 1828.

BAIL IN CIVIL CASES—DISCHARGE IN INSOLVENCY—CREDITOR NOT SPECIALLY NAMED—OBLIGATION AND REMEDY.

1. Upon a motion to appear without special bail, the court will not examine the merits of the case.

[Cited in Brook v. Brown, Case No. 1,931.]

2. The debtor may avail himself of the discharge of his person under the act for the relief of insolvent debtors within the District of Columbia, against his creditor, although he has not named him in the list of his creditors filed with his petition.

3. A discharge of the person of the debtor from arrest, does not impair the obligation of the contract, it affects the remedy only.

Debt upon a judgment in New York, in February, 1806, and a bond with a warrant of attorney to confess judgment dated January 27, 1806. There was a paper of the same date, signed by the plaintiff [Robert Lee] stating that the bond was only a collateral security for a contract concerning land.

Mr. Ashton, for defendant [William Gamble] moved for leave to appear without special bail; because the judgment was only a collateral security, and its validity depends upon the title to the land; because the lapse of time, (twenty-two years,) is primâ facie evidence of payment, and because the defendant was discharged under the insolvent law of this district in 1818, long after the cause of action, if any, accrued. The act of congress (3 Stat. 682), which declares that no discharge under the said insolvent act "shall operate against any creditor residing without the District of Columbia, except the creditor at whose instance the debtor may be confined," was not passed until May 6, 1822. By the 10th section of the original insolvent act, any debtor who shall have been discharged under that act, if arrested for any debt owing before his discharge, shall be discharged out of custody, on his common appearance being entered, without special bail. 2 Stat. 237.

Mr. Coxe, contrà. The judgment is primâ facie evidence of a debt, and payment must be pleaded. The court will not decide the merits of the case upon this motion. The

paper said to have been signed by the plaintiff, does not appear judicially to apply to this case. A discharge under the insolvent act, is no discharge against a creditor not returned as such in the list of creditors annexed to the petition of the insolvent. The discharge is a judicial act, and can bind only the parties to the suit. The parties must all appear on the record. Simms v. Slacum, 3 Cranch [7 U. S.] 300, 305; Ogden v. Saunders, 12 Wheat. [25 U. S.] 366. No creditor, not included in the debtor's list of creditors, can file allegations against the debtor. If the fact be not admitted by the debtor, that the person is a creditor, the judge cannot hear the allegations. Baker v. Sydee, 7 Taunt. 179; 4 Starkie, 729. No discharge here can affect a creditor residing in one of the states, if the contract were made in that state. The plaintiff and defendant both resided in New York at the time of the judgment. Van Reimsdyk v. Kane [Case No. 16,871]; Campbell v. Claudius [Id. 2,356]; Ogden v. Saunders, 12 Wheat. [25 U. S.] 254, 255, 259, 326, 366, 369.

CRANCH, Chief Judge. This is not a question as to the obligation of the contract; but only as to the means of enforcing it. The obligation depends upon the lex loci contractûs; the means of enforcing it, upon the lex fori. In Van Reimsdyk v. Kane [supra], Mr. Justice Story says, "But as to the form of action, or the remedy by which a contract is to be enforced, it seems on all sides conceded, that the recovery must be sought, and the remedy pursued, not according to the lex loci contractûs, but according to the lex fori." The question in that case was as to the obligation of the contract, not as to the means of enforcing it. In Campbell v. Claudius [supra], the ground of the decision was, that the courts of the United States are not bound by the state laws as to remedies, although the state courts may be; and, therefore, Mr. Justice Washington refused to discharge the defendant on common bail, the debt having been contracted beyond seas. But this court is bound by the act of congress as to the remedy, and therefore that case is inapplicable to the present. In Ogden v. Saunders, 12 Wheat. [25 U. S.] 259, Mr. Justice Washington says. "It" (the municipal law of the state) "forms a part of the contract, and travels with it wherever the parties may be found." "It is so regarded by all civilized nations of the world, and is enforced by the tribunals of those nations, according to their own forms, unless the parties to it have otherwise agreed." In the same case (page 327) Mr. Justice Trimble says, "I do not mean to say, that every alteration of the existing remedies would impair the obligation of contracts; but I do say, with great confidence, that a law taking away all remedy from existing contracts, would be manifestly a law impairing the obligation of contracts."

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

THE COURT (THRUSTON, Circuit Judge, absent) permitted the defendant to appear on common bail. A like order was made in the case of Shephard, for the use of Riggs v. Jacob Dixon [unreported], argued at the same time by Mr. Wallach, for the defendant, and Mr. Coxe, for the plaintiff. Dixon's discharge also was before the act of 1822.