the slave a written permission to seek a new master, and if such permission be without limitation of time or place, the plaintiff cannot recover.

2. The office-keeper of the defendant is a competent witness for the defendant, because he is liable to the defendant if the plaintiff recovers, and to the plaintiff if he fails to recover, in this suit.

Trover for a mulatto woman slave, named Nell; with a special count for carrying away the plaintiff's slave, without his consent, whereby she was lost to the plaintiff.

Jones & Morsell, for defendant, offered evidence that the plaintiff had permitted the slave to go about and hire herself where she chose.

W. H. Dorsey and F. S. Key, for plaintiff, objected.

But THE COURT (nem. con.) permitted the evidence to be given to the jury. The count for trover was abandoned by the plaintiff's counsel.

Dennison Darling was offered as a witness for the defendant. It had been proved that he was the keeper of the defendant's stage-coach office, and had ordered the driver to call at Mrs. Thompson's and take a servant, who proved to be the slave in question. It was objected, by the plaintiff's counsel, that he was interested; because if the plaintiff recovers against Evans, Evans could recover against him.

But THE COURT (nem. con.) overruled the objection because the witness is indifferent. For although if the plaintiff recovers against Evans, Evans may recover against Darling; yet, if plaintiff does not recover against Evans, he may against Darling, so that he would be liable in either event.

THE COURT, also, (FITZHUGH, Circuit Judge, absent,) at the prayer of the defendant's counsel, instructed the jury, in effect, that if the slave had a written authority from the plaintiff, without limitation of time or place, to seek for a new master, the plaintiff could not recover in this action, although such authority was not shown to the defendant or his agents.

Verdict for plaintiff, $180. New trial refused.

---

HARRISON, The (FRANCIS v.). See Case No. 5,038.

HARRISON (GAGER v.). See Case No. 5,171.

---

## Case No. 6,136.

### HARRISON v. GALES.

[3 Cranch, C. C. 376.] [1]

Circuit Court, District of Columbia. Dec. Term, 1828.

INSOLVENCY—DISCHARGE—LAW OF ALABAMA.

Discharge under the insolvent law of Alabama. Exoneretur.

[Cited in Brook v. Brown, Case No. 1,931.]

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

Mr. Bradley, moved to discharge the bail [Gales], the debtor having been discharged both by the law of Alabama, and by that of this district. Mr. Bradley produced a certified copy of the law of Alabama, and of the proceedings under it.

The plaintiff was a citizen of Alabama, and obtained judgment here against Russell, but Russell was not in confinement upon that judgment when discharged under the insolvent law of this district.

Mr. Wallach, for defendant, contended, that by bringing suit here the plaintiff was to be considered as pro hac vice residing in this district, so that the discharge operated against him, although the defendant was not in confinement at his instance at the time of the discharge; and referred to the case of Ogden v. Saunders, 12 Wheat. [25 U. S.] 213.

Upon this point, however, THE COURT gave no opinion; being satisfied as to the discharge under the law of Alabama.

Bail exonerated, (THRUSTON, Circuit Judge, absent.)

---

## Case No. 6,137.

### HARRISON v. HADLEY et al.

[2 Dill. 229; 5 Chi. Leg. News, 206; 17 Int. Rev. Rec. 26, 44; 7 Am. Law Rev. 560.] [1]

Circuit Court, E. D. Arkansas. Jan. 13, 1873.

ENFORCEMENT ACT — XIII., XIV., AND XV. AMENDMENTS—ELECTION CONTEST—JURISDICTION OF UNITED STATES COURTS.

1. The federal courts have no jurisdiction in any form of action or proceeding over cases of contested elections for state officers, except in the single case provided for in the twenty-third section of the enforcement act (16 Stat. 140), in which the sole question touching the title to the office arises out of the denial of the right to vote to citizens on account of race, color, or previous condition of servitude.

[Cited in Manley v. Olney, 32 Fed. 709; Pierson v. Philips, 36 Fed. 838.]

2. The circuit courts of the United States can exercise jurisdiction in no case solely upon the ground that it falls within the constitutional grant of judicial power to the United States; there must also be an act of congress expressly conferring the jurisdiction.

3. A citizen does not lose his rights because congress has not vested in the courts of the United States original jurisdiction in cases where rights and benefits are claimed under the constitution of the United States. The state courts are open to such citizen, and in such cases the rule of decision in a state court is the same as it would be in a United States court.

4. The court comments upon the XIII., XIV., and XV. amendments, the civil rights act, and the enforcement act, and is of the opinion, under the evidence in the case, that they do not apply to the alleged exclusion of the voters at the election in controversy, as they were not excluded on the ground of race, color, or previous condition of servitude.

5. Injunction denied, bill dismissed, and case distinguished from Kellogg v. Warmouth [Case No. 7,667], in the district of Louisiana.

---

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission. 7 Am. Law Rev. 560, contains only a partial report.]