JOHN CLAY, PLAINTIFF IN ERROR *vs.* ABRAHAM SMITH.

The plaintiff below, a citizen of the state of Kentucky, instituted a suit against the defendant, a citizen of Louisiana, for the recovery of a debt incurred in 1808, and the defendant pleaded his discharge by the bankrupt law of Louisiana in 1811 ; under which, according to the provisions of the law, " as well his person as his future effects" were for ever discharged " from all the claims of his creditors." Under this law, the plaintiff, whose debt was specified in the list of the defendant's creditors, received a dividend of ten per cent on his debt, declared by the assignees of the defendant. Held, that the plaintiff, by voluntarily making himself a party to those proceedings, abandoned his extra-territorial immunity from the operation of the bankrupt law of Louisiana ; and was bound by that law to the same extent to which the citizens of Louisiana were bound.

The plaintiff in error having died while the cause was held under advisement, the judgment was entered nunc pro tunc, as on the first day of this term.

ERROR to the district court of the eastern district of Louisiana.

This case was argued at January term 1828, by Mr Livingston, and was held under advisement until this term; on the suggestion of counsel, and for information upon the law of the state of Louisiana, referred to in the opinion of the court.

Mr Justice JOHNSON delivered the opinion of the Court.

This case comes up from the Louisiana district, by writ of error, to reverse a judgment obtained there by Smith *vs.* Clay.

Smith, is a citizen of Kentucky, and Clay, of Louisiana; and the action was brought to recover a debt incurred in the year 1808.

Clay's defence rests upon the validity of a discharge obtained in a court of the state, under a law of the state, in the year 1811. The plea sets out his petition to the court; his surrender of his effects; the schedule of his debts, in which Smith's debt is specified, as also the payment to him of ten per cent, the dividend declared by the assignees of

the bankrupt; and the judgment of the court, rendered in pursuance of the consent of more than a majority of his creditors in number and amount, that he be discharged, "as well his person as his future effects, from all the claims of his creditors." The language of the plea is, "upon which said petition, the usual proceedings being had thereon, the said plaintiff and other creditors and said defendant being parties thereto, the said supreme court by their final decree pronounced in the premises, on the 15th of June 1811, declared the said defendant, as well his person as his subsequently acquired property and effects, for ever released from all claims, debts, and demands," &c. previously due.

This plea is demurred to, and thus the question is raised, whether Smith, by voluntarily making himself party to such proceedings, has not abandoned his extra-territorial immunity from the operation of the bankrupt laws of Louisiana.

We are of opinion that he did; and was bound by the decision of the state court to the same extent to which the citizens of that state were bound.

: Judgment reversed.

Case remanded, with instructions to enter judgment for defendant there. And in consequence of the death of Clay, while the cause was held under advisement, that it be entered, nunc pro tunc, as on the first day of this term.


This cause came on to be heard on the transcript of the record from the district court of the United States for the district of Louisiana, and was argued by counsel; on consideration whereof, it is ordered and adjudged by this court, that the judgment of the said district court in this cause be, and the same is hereby reversed, and that the cause be, and the same is remanded to the said district court, with instructions to the said court to enter judgment for John Clay, the defendant in said court. And it is further ordered by the court, that in consequence of the death of the said Clay, while this cause was held under advisement, that judgment be entered, nunc pro tunc, as on the first day of this term.