Very shortly after this. you and two men of desperate character left the crowd. going in the same direction, and about the same time. You were next seen lying beside one of your victims, with your gun broken over his head; your pistol on the ground freshly discharged; and your other victim dead a few rods off. You were one of the three who killed those men, as you said you would be; and you killed them without any cause of offence against them personally. Your only motive was hostility to the law which they were charged to enforce. You are not a native of this country, but. as your counsel have stated. you had taken an oath that you were favorable to its government. You came from a country where men in your station in life complain, perhaps justly. that they are oppressed by laws which they have no voice in making. You have come to a country where your vote at the ballot-box is as potential in making or modifying the laws, as that of the judge who now addresses you. Not content with this peaceable mode of changing a law which you did not like, you permitted your hostility to it to incite you to murder the persons charged with its enforcement. Your present condition is a striking admonition that this cannot be permitted in a free country any more than in a despotism. The penalty which the law attaches to your offence is one which my private judgment does not approve; for I do not believe that capital punishment is the best means to enforce the observance of the laws, or that, in the present state of society, it is necessary for its protection. But I have no more right, for that reason, to refuse to obey the law, than you had to resist it. I therefore do pronounce upon you its sentence: That you be committed to the custody of the marshal of this district, by whom you shall be held in close imprisonment until the 27th day of December next; and that on that day you be hanged by the neck until you are dead; and may God. the wise Governor of the universe. who is equally the Father of the judge who pronounces this sentence, and the criminal to whom it is addressed. have mercy on you.

As to statements of person in extremis. see [Travelers' Ins. Co. v. Mosley] 8 Wall. [75 U. S.] 397.

## Case No. 15,217.

UNITED STATES v. GLENN et al.

[1 Woods. 400.] [1]

Circuit Court, E. D. Texas. May Term. 1872.

COLLECTOR OF CUSTOMS—ACTION ON BOND—FAILURE TO COLLECT.

In an action on the official bond of a collector of internal revenue, where the breach alleged was his failure to account for or pay over the sum of $64,000, it was *held* that dereliction of duty in not collecting said sum could not be shown in order to establish the breach.

[1] [Reported by Hon. William B. Woods. Circuit Judge. and here reprinted by permission.]

At chambers.

This cause was heard upon a motion for new trial. the ground for which sufficiently appears in the opinion of the court.

Geo. Flournoy, T. N. Waul, and J. Z. H. Scott, for the motion.

D. J. Baldwin, U. S. Atty., contra.

BRADLEY, Circuit Justice. This is an action of debt on the official bond of Frank W. Glenn, as collector of internal revenue for this district. The breaches assigned are, that Glenn did not faithfully perform his duties as collector, but received as such the sum of $64,000, which he never accounted for or paid to the United States. To the declaration was attached a copy of the bond. and a particular statement of Glenn's accounts at the treasury department. showing the balance claimed against him. But it was not pretended, on the trial. that he had actually collected all the items contained on the debit side of the account, but that. under the 34th section of the act of 1864 (13 Stat. 223), he had been . charged with the whole amount of the assessor's list of taxes returned to him, together with the amount of unpaid taxes turned over to him by his predecessor, and it was contended that if he had not collected them, it was dereliction of duty on his part unless he showed a sufficient excuse.

We are of opinion that, under the breach set forth in the declaration, dereliction of duty in not making collections cannot be set up at the trial. It is not the same thing as collecting and failing to pay over. At common law. it is true, any failure of duty, to any amount. involved the forfeiture of the bond and the payment of the penalty. And considerable sums were shown to have been collected by Glenn. This evidence was competent. and would have been sufficient. under the rules of the common law which once prevailed. to make him liable for the whole amount. But the courts have long since adopted a more just rule, and give judgment only for the amount actually due. And, as a very large amount was embraced in the verdict which did not consist of moneys collected and unpaid, we think that the verdict must be set aside, but with leave to the district attorney to amend the declaration. Ordered accordingly.

UNITED STATES (GLENN v.). See Case No. 5,481.

## Case No. 15,218.

UNITED STATES v. GLOVER.

[4 Cranch. C. C. 190.] [1]

Circuit Court, District of Columbia. Dec. Term, 1831.

PERJURY—PROMISSORY OATH.

A promissory oath cannot be the subject of an indictment for perjury.

[1] [Reported by Hon. William Cranch, Chief Judge.]

Indictment for perjury, upon the insolvent's oath that he would "deliver up, convey, and transfer all his property," &c., but he did not deliver up a promissory note which he had obtained after having made oath to his scnedule, and before his oath made before the judge.

THE COURT (MORSELL, Circuit Judge, absent), at the request of Mr. Wallach and Mr. Dandridge, for the defendant, instructed the jury that a promissory oath could not be the subject of a prosecution for perjury.

## Case No. 15,219.

UNITED STATES v. GODBOLD et al.

[3 Woods, 550; 5 Reporter, 168; 10 Chi. Leg. News, 140.][1]

Circuit Court, S. D. Alabama. June Term, 1877.

LIMITATION OF ACTIONS—MARSHAL'S BOND.

The statute of limitations of six years (Rev. St. § 786) does not apply to suits brought on marshals' bonds by the United States.

This was a suit upon the official bond of Cade M. Godbold, late marshal of the United States, and William F. Cleveland, one of his sureties. The bond was executed June 3, 1854. The defendants interposed the plea of the statute of limitations of six years (Rev. St. § 786) to which plea the plaintiff demurred.

E. S. Daryan and Wm. Boyles, for defendants, cited Green v. U. S., 9 Wall. [76 U. S.] 655; U. S. v. Herron, 20 Wall. [87 U. S.] 251; Story, Const. bk. 3, p. 593; U. S. v. Union Pac. R. Co., 91 U. S. 72.

George M. Duskin, U. S. Atty., cited Dox v. P. M. General, 1 Pet. [26 U. S.] 318; Smith v. U. S., 5 Pet. [30 U. S.] 292; U. S. v. Knight, 14 Pet. [39 U. S.] 301; Savings Bank v. U. S., 19 Wall. [86 U. S.] 227; U. S. v. Herron, 20 Wall. [87 U. S.] 251; [U. S. v. Rand, (Case No. 16,116)].[2]

BRUCE, District Judge. This is an action brought upon the official bond of a United States marshal. A breach of the bond is alleged to have taken place. Among other pleas is the statute of limitations of six years, which is found in section 786 of the Revised Statutes, and in these words: "No suit on a marshal's bond shall be maintained, unless it is commenced within six years after the right of action accrues, saving, nevertheless, the rights of infants, married women and insane persons, so that they sue within three years after their disabilities are removed."

The question is, do suits instituted by the United States come within the influence of this section. The language is broad, and does not in terms except suits brought by the United States, and we must give the words their meaning, unless there is some principle upon which we can exclude the United States from the operation of the words, and from which we can justly conclude that congress, in enacting this section, did not intend to include suits by the United States, and did not include them in the broad language of the section. The district attorney invokes the maxim, "Nullum tempus occurrit regi." which is that time does not run against the sovereign power.

In the case of U. S. v. Herron, 20 Wall. [87 U. S.] 251, the principle is thus stated: "That the sovereign authority of the country is not bound by the words of a statute, unless named therein, if the statute tends to restrain or diminish the power, rights or interests of the sovereign." Now, the United States is not named in this statute, and under the rule of construction just stated, we must conclude that the United States is not bound by it, and that the congress, acting in view of this rule of construction, did not intend, in the use of the language, to include the government of the United States. But it is contended that the congress, in the enactment of the statute, had exceptions in view, and named the exceptions, to wit: infants, married women and insane persons, who might sue in three years after their disabilities were removed, and that, therefore, if congress had intended to except the government of the United States, it would have named it among the exceptions. It is true that enumeration is exclusion, because, when exceptions to a general rule are enumerated, it is a fair inference that no other exceptions are intended. It is to be observed, however, that the section of the Revised Statutes in question, together with the sections preceding it, are taken almost verbatim from an act relating to marshals' bonds, of April 10, 1806 (2 Stat. 374). It will be seen by an examination of this act, that its purpose was to afford persons who might be injured by a breach of the condition of a marshal's bond, a remedy by suit upon the bond. The second section of the act, which is carried into the Revised Statutes as section 784, gives the right to any person injured to institute and maintain a suit in his own name, and for his sole use, upon the bond; and section three, which is section 785 of the Revised Statutes, provides for repeated actions until the whole penalty is recovered; and then follows section four, which is section 786 of the Revised Statutes, now under consideration.

This review of the act of 1806, the provisions of which we find in the Revised Statutes as stated, shows the purpose of the act to have been to give a remedy in their own names to persons who might sustain injury by reason of the breach by the marshal of the conditions of his bond, and to limit the time within which the remedies might be

---

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission. 5 Reporter, 168, contains only a partial report.]

[2] [From 10 Chi. Leg. News, 140.]