BRONSON, The TRACY J. See Case No. 14,131.

## Case No. 1,931.

### BROOK et al. v. BROWN.

[5 Cranch, C. C. 486.] [1]

Circuit Court, District of Columbia. Nov. Term, 1838.

INSOLVENCY — DISCHARGE — NON-RESIDENT CREDITOR—CREDITOR WITHIN THE DISTRICT OF COLUMBIA—DEFINITION OF "CONFINEMENT."

1. A discharge under the insolvent law of the District of Columbia does not operate against a non-resident creditor, unless he is the creditor at whose instance the debtor is confined at the time of the discharge.

2. A non-resident creditor does not, by bringing an action against his debtor in the District of Columbia, cease, in law, to be "a creditor residing without the limits of the District of Columbia," nor does he thereby waive the benefit given to non-resident creditors by the act of congress of the 6th of May, 1822 [3 Stat. 682, c. 57].

3. A debtor who is out on bail is not in confinement at the instance of his creditor, within the meaning of the act of the 6th of May, 1822. "Confinement," within the meaning of that act, is actual confinement in jail, or in the prison-bounds, at the time of the debtor's discharge under the insolvent act.

At law. Scire facias issued 5th February, 1838, returnable to March term, 1838.

Mr. Bradley, for the bail, moved to enter an exoneretur on the bail piece, upon payment of the costs of the scire facias, because the principal was discharged under the insolvent act of the District of Columbia, on the 4th Monday of November, 1834. At March term, 1833, Brown became special bail of Le Barron, in the circuit court of the District of Columbia, for the county of Wash-

[1] [Reported by Hon. William Cranch, Chief Judge.]

ington. At November term, 1833, there was judgment by default against Le Barron, who, being in commitment at the suit of other creditors, was discharged under the insolvent act on the 4th Monday of November, 1834, as before stated. At March term, 1837, final judgment was entered up against Le Barron for $176.35, with interest from the 11th of December, 1832, until paid, and $21.01 costs.

Mr. Dermott, contra, for the plaintiff, objected that the plaintiff was not a resident of the District of Columbia, at the time of the discharge of the defendant Le Barron, who was not then confined at the instance of the plaintiff, but was at large on bail. The act of congress of the 6th of May, 1822 (3 Stat. 682), entitled "An act for the relief of certain insolvent debtors," has this proviso: "That no discharge under this act, or the act to which it is amendatory, shall operate against any creditor residing without the limits of the District of Columbia, except the creditor at whose instance the debtor may be confined."

Mr. Bradley, in reply, contended that the defendant, having been arrested, and in the custody of his bail, was thereby confined at the instance of the plaintiff, and therefore his discharge operated against this creditor, as well as against the resident creditors. And further, that the plaintiff, by bringing suit in the District of Columbia, has submitted himself to the jurisdiction of the laws in force here, and cannot be considered as residing out of the limits of the district, within the meaning of the act of the 6th of May, 1822; and upon this last point he cited the case of Clay v. Smith, 3 Pet. [28 U. S.] 411; Petersd. Bail, 490; and Ogden v. Saunders, 12 Wheat. [25 U. S.] 364. Where the principal would be entitled to an immediate discharge, if surrendered, the bail are entitled to relief by an exoneretur without a surrender. Beers v. Houghton, 9 Pet. [34 U. S.] 330, 355, 358.

Mr. Dermott, contra, cited Harrison v. Boyd [Case No. 6,133]. and Cook v. Fenton [Id. 3,156], in this court, at May term, 1832.

CRANCH, Chief Judge, after stating the case, as above, delivered the opinion of the court (MORSELL, Circuit Judge, contra).

If Mr. Le Barron would have been entitled to an immediate discharge if he had been surrendered, or; if now surrendered, would be entitled to a discharge, the bail, according to the case of Beers v. Haughton [supra], would be entitled to relief by exoneretur. And if his discharge under the insolvent law in November, 1834, operated against the plaintiff, the defendant Le Barron would now be entitled to an immediate discharge from imprisonment. if surrendered.

It is admitted that the plaintiff was, in fact, residing out of the limits of the District of Columbia at the time of Le Barron's discharge under the insolvent law, so that the discharge did not operate against the plaintiff, unless he was "the creditor at whose instance the debtor" (Le Barron,) "was confined;" or, unless the plaintiff, by bringing his suit against the debtor, in the District of Columbia, ceased, in law, to be a creditor "residing without the limits of the District of Columbia;" or waived the benefit given by the act of May 6, 1822, to non-resident creditors.

Three questions, therefore, arise in this case: 1. Was the plaintiff "the creditor at whose instance the debtor was confined" at the time of his discharge under the insolvent law? 2. Did the plaintiff, by bringing his suit in this district, cease in law, to be a creditor residing without the limits of the District of Columbia? 3. Did the plaintiff, by bringing his suit here, waive the benefit given to non-resident creditors by the act of May 6, 1822?

Some cases have heretofore come before the court, in which this subject has been brought into view. In the case of Lee v. Gamble [Case No. 8,189], at December term, 1828, the defendant, at the return of the capias ad respondendum, was brought in by the marshal and permitted to appear without special bail, having been discharged under the insolvent act in the year 1818, after the debt accrued, but before the act of 1822. In Harrison v. Gales [Id. 6,136], special bail of Gilbert C. Russell, at the same term, the plaintiff was a citizen of Alabama. Russell, the debtor, had been discharged under the insolvent law of Alabama, and also under that of this district; but at the time of his discharge here, he was not confined at the instance of that creditor. The bail produced a copy of the law of Alabama and of the proceedings under it, and this court ordered an exoneretur on the bail piece, on the ground of the discharge in Alabama. In Farrow v. Brown [Id. 4,689], special bail of Russell, at the same term, Mr. Wallach moved the court to discharge the bail upon the ground that the principal had been discharged, both by the laws of Alabama, and of this district. Mr. Key, for the plaintiff, made various objections to the discharge under the laws of Alabama, and to the authentication of the proceedings; and as to the discharge in this district, he contended that the plaintiff was not bound by it because he was a person residing in Virginia at the time of the debtor's discharge, and that the debtor was not then confined at his instance, having given special bail, and the judgment having been rendered before his discharge. Mr. Wallach contended, that as the plaintiff had brought his suit here he was not within the intent and spirit of the act, for this purpose, to be considered as a creditor residing without the limits of the district; and cited Ogden v. Saunders, 12 Wheat. [25 U. S.] 364. Upon the first hearing of the motion, the court (Cranch, Chief Judge, contra) was of opinion that the bail should be discharged.

Thruston, Circuit Judge, on the ground of the discharge in Alabama, and Morsell, Circuit Judge, because the plaintiff having obtained a judgment in this court against his debtor, was not to be considered as a creditor residing without the limits of the district. But on the next day, Mr. Key objected to the exoneretur because two of the judges were of opinion that the bail could not be discharged by reason of the debtor's discharge under the insolvent law of this district, and two were of opinion that the record of the discharge in Alabama was not sufficiently authenticated. The court, therefore, agreed to consider the case again, and requested the counsel to furnish the court with information as to the decisions of the courts of Alabama upon the construction of the law of that state. At December term, 1829, the court overruled the motion for the exoneretur, and awarded execution against the bail; thus, in effect, deciding, that custody of the bail is not confinement; and that the plaintiff, by bringing suit here, does not cease to be "a creditor residing without the limits" of this district.

The next case upon this subject was that of Harrison v. Boyd [supra], at May term, 1832. The defendant had been arrested on a capias ad respondendum, returnable to that term, and had given an appearance bond to the marshal. On the 7th of May, 1832, the first day of the term, he was discharged under the insolvent law of this district, and Mr. R. S. Coxe offered to appear for him without special bail. Mr. C. Cox, for the plaintiffs, objected that the plaintiffs were residing without the limits of the District of Columbia at the time of the discharge, and therefore not bound by it; and cited Harrison v. Gales [Case No. 6,136], special bail of Russell, and Farrow v. Brown, special bail of Russell, above mentioned. Mr. R. S. Coxe, cited Clay v. Smith, 3 Pet. [28 U. S.] 411; Ogden v. Saunders, 12 Wheat. [25 U. S.] 362, 363, 364; and Shaw v. Robbins, cited in a note to Ogden v. Saunders [12 Wheat. (25 U. S.)], in page 369; and contended that a non-resident creditor, by making use of our court to compel payment, had made himself a resident quoad hoc; and that the defendant having given a bail-bond to the marshal, was thereby in confinement at the instance of the plaintiffs. But the court (Thruston, Circuit Judge, absent) being divided in opinion, the motion to appear without special bail did not succeed. Cranch, Chief Judge, being of opinion that the plaintiffs, by bringing suit here, had not made themselves residents pro hac vice; and that the defendant could not be considered as confined at the instance of the plaintiffs after he had given an appearance bail-bond to the marshal, and had been discharged from custody. Morsell, Circuit Judge, thought that by bringing suit here, the plaintiffs were, for this purpose, to be considered as not residing without the limits of this district.

The last case on this subject is Cook v. Fenton [supra], also at May term, 1832. Judgment had been rendered against the defendant on the 20th of December, 1831, and he was discharged under the insolvent law of this district in January, 1832. Mr. Redin moved for an exoneretur of the bail, on the ground of Fenton's discharge, although the plaintiff was a creditor residing without the limits of the District of Columbia at the time of the discharge, and the defendant was not then confined at the instance of the plaintiff, having given special bail; and contended that the act of May 6, 1822, restricting the operation of the discharge was applicable only to non-resident debtors; the legislature intending only to prevent debtors from the states coming into this district and getting discharged from personal liability for their debts. But the court overruled the motion and the bail was not discharged; thereby, in effect, deciding, that the proviso of the act of 1822 [3 Stat. 682] was applicable to resident as well as non-resident debtors; and that the debtor cannot be considered as confined by the plaintiff after he has given special bail and been discharged from the custody of the marshal.

These cases, however, do not seem to have settled the law definitively upon this subject, and the questions may still be considered as open for argument.

1. The question then is, whether the plaintiff in this cause is the creditor at whose instance the debtor was confined, within the meaning of the act of May 6, 1822. This question may be subdivided. 1. What sort of confinement does the act contemplate? 2. When must the debtor be confined, and how long? 1st. It is reasonable to suppose that the confinement contemplated by the legislature in the act of 1822, was a confinement from which the debtor could be relieved under the insolvent act; and which, by the words of that act, is "actual confinement in jail;" or according to the construction which has been given to the act, confinement within the prison-bounds. No person is entitled to the benefit of the act, who is at large upon bail. The discharge, therefore, will not operate against a non-resident creditor unless, the debtor was confined, at the instance of the plaintiff, by actual confinement in the jail, or in the prison-bounds. 2d. When must the debtor be confined, and how long? The first answer which occurs to this question is, that the debtor must be in confinement at the time of the discharge of the debtor, otherwise there would be nothing for the order of discharge to operate upon, in case the plaintiff should be the only creditor; and if between the day of the application of the debtor for the benefit of the act, and the day appointed for his discharge, his creditor should discharge him from his confinement, the judge would not proceed further in the business, as all further proceeding would be nugatory. But if the debtor should be con-

fined at the instance of other creditors, and not at the instance of the plaintiff, and the judge should proceed to discharge the debtor, such discharge is, by the act of 1822, prevented from operating against the plaintiff; because the debtor was not confined at his instance.

2. The next question is, whether the plaintiff, by bringing suit in this district, ceased to be a creditor residing without the limits of the District of Columbia? If congress, in the act of May 6th, 1822 (3 Stat. 682), after providing that no discharge should operate against non-resident creditors, had intended to except all non-resident creditors who should bring their suits in the district, they would probably have said so, and not have limited their exception to the non-resident creditors at whose instance the debtor should be confined. They might well say to non-resident creditors, you may bring your suits against your debtor in the District of Columbia and their discharge under the insolvent law of that district shall not operate against you, unless you confine them; but if you confine them they may be discharged from your confinement, and such discharge shall operate against you as well as against resident creditors. And I think congress has in effect said so, and did not intend to put all creditor-plaintiffs in our courts on the same footing as to discharges under the insolvent act. As to the time of confinement; it is not material how long the debtor has been confined at the instance of the plaintiff, if he be so at the time of his discharge.

3. The third question is, whether plaintiff, by bringing his suit here, waived the benefit of the proviso of the act of May 6th, 1822, in favor of non-resident creditors? I think he did not. The act has authorized him to bring suit here against his debtor, without being affected by his discharge under the insolvent act, unless that discharge be from confinement at the instance of the plaintiff. The case of Clay v. Smith, 3 Pet. [28 U. S.] 411, has been relied upon to show that, by bringing suit in the District of Columbia, the plaintiff is to be considered as a resident creditor. But in that case the plaintiff received a dividend of the bankrupt's estate in Lousiana, and was, therefore, bound by his discharge, although as a citizen of Kentucky he would not have been bound by it if he had not made himself a party to those proceedings; that is, the proceedings under the bankrupt law of Louisiana. That case, therefore, is not applicable to the present, where the rights of the parties seem to me to be clearly ascertained by the act itself. In Ogden v. Saunders [supra] the extra-territorial operation of a discharge under a bankrupt law is denied, unless plaintiff and defendant were subject to the jurisdiction of the state under whose laws the discharge was obtained.

Upon the whole, I am of opinion that inasmuch as Le Barron was not, at the time of his discharge, confined at the instance of these plaintiffs, who were non-resident creditors. he could not, if now surrendered, avail himself of his discharge as against them; and, therefore, the bail ought not to be exonerated. In the case of Clarke v. Hempstone [Case No. 2,853], at this term, in which Mr. Giberson has moved to enter an appearance for the defendant without special bail, on the ground of his discharge under the insolvent act, the defendant had given an appearance bail-bond to the marshal, and was not in confinement at the instance of the plaintiff at the time of his discharge. I am of the same opinion, and that the defendant cannot be permitted to appear without special bail.

THRUSTON, Circuit Judge, concurred. MORSELL, Circuit Judge, dissented.

Motion overruled in both cases.