ERWIN SAFFORD & another *vs.* CALVIN SLADE & another.

A master in chancery has power under *St.* 1838, *c.* 163, to allow a creditor who has by mistake proved his claim against an insolvent debtor, to withdraw the same; and if so withdrawn, the claim is no more barred by the discharge than if it had never been proved.

METCALF, J. This is an action by the indorsees of three bills of exchange, drawn on the defendants, citizens of this state, by Frederick Goodell, a citizen of Pennsylvania, payable to F. Tyler & Co., citizens of New York, or their order, accepted by the defendants, and indorsed by the payees to the plaintiffs, citizens of Pennsylvania. Two of the bills were drawn and accepted in April, and the other in May, 1846.

At a trial in the court of common pleas, the defendants gave in evidence a discharge under the insolvent laws of this commonwealth, granted to them by a master in chancery, on the 29th of March, 1847. The validity of this discharge was

3*

not questioned by the plaintiffs, but they denied that it barred their claim on the bills in suit; all the parties thereto, except the defendants, being citizens of other States. The plaintiffs then introduced the record of the proceedings of the master in chancery in the case of the defendants' insolvency. From this record it appeared that, at the second meeting of their creditors, held on the 9th of December, 1846, F. Tyler & Co., the payees of the bills in suit, proved those bills, and also two others, before the master, against the defendants; and that, at the third meeting of the creditors, held, by adjournment, on the 29th of March, 1847, these three bills (described as they were before described in the record of the second meeting, at which they were proved,) were withdrawn.

The plaintiffs also introduced a petition of F. Tyler & Co., preferred to the master, at said third meeting, but not entered on his record, praying that they might withdraw the three bills in suit, which they alleged to have been " proved by accident."

On this evidence, the jury were instructed that the defendants were entitled to a verdict; which was returned accordingly. And the case comes before us on exceptions, alleged by the plaintiffs, to this instruction.

It is too late to attempt to set up a discharge under our insolvent laws, as a bar to an action on a contract between a citizen of this state and a citizen of another state, unless the latter (in the language of Johnson, J. 12 Wheat. 358) has voluntarily subjected himself to those laws. If he becomes a party to proceedings under them against his debtor, by proving his debt and seeking a dividend, he is barred, by a discharge legally given to the debtor, from any further claims on him for the debt thus proved. He cannot take the benefit which those laws confer on him as creditor, and withhold the benefit which they confer on the debtor. Story on Const. of United States, § 1384; *Clay* v. *Smith*, 3 Pet. 411. The only open question, therefore, in the present case is, whether the plaintiffs have so subjected themselves to our insolvent laws, that this action is barred by the discharge on which the defendants rely.

The defendants suggest, in the first place, that F. Tyler &

Co., by proving two other bills before the master, " submitted to his jurisdiction and acquiesced in our insolvent laws." This is true, so far as those two bills may hereafter be in question. As to them, the defendants are doubtless discharged from any further claim by any party. But the proving of those bills by Tyler & Co. cannot affect either their rights or the rights of the plaintiffs under the other bills now in suit.

The main ground, however, on which the defendants rest their defence is, that the master in chancery had no authority to permit the proof of the claim in suit to be withdrawn ; that his power is derived entirely from *St.* 1838, *c.* 163 ; that no such power is expressly given by that statute, nor can be implied ; and that the rights of the defendants were fixed by the proof and allowance of the claim on these bills, and cannot be disturbed without their consent. But we cannot doubt the right of a creditor, who has proved a claim under the insolvent laws, to withdraw that claim, if it was proved inadvertently. In *Bemis* v. *Smith,* 10 Met. 194, a creditor, after proving his claim, petitioned the master in chancery that the proof and allowance thereof might be vacated and expunged; but the master disallowed the petition, and decreed a dividend to the petitioner, which he refused to take. He afterwards filed the claim, which he had thus proved and attempted to withdraw, by way of set-off, in a suit brought against him ; and the court decided that his claim of set-off should be allowed. " He acted unadvisedly," said Mr. Justice Wilde, " in proving his claim before the master ; but he has withdrawn that claim, so far as he was allowed so to do ; and there seems to be no good reason why his legal and equitable rights should be barred by a mere mistake." See also *Morse* v. *City of Lowell,* 7 Met. 152. In the present case, we must suppose that Tyler & Co. were rightly permitted to withdraw the bills in suit. If the defendants could have shown the contrary, they might have applied to this court, by petition, under *St.* 1838, *c.* 163, § 18, and have obtained an order on the master to correct his procedure. By that section, any party, aggrieved by any proceeding in insolvency, may apply to this court, by bill, petition, or other proper process ; and the court is authorized to make

such order or decree therein as law and justice shall require. This is an answer to the argument addressed to us, by the defendants' counsel, that mischiefs and frauds might be practised by creditors, if the master in chancery could permit them to withdraw their claims, after having proved them.

*New trial to be had in this court.*

I. *Story,* for the plaintiffs.

A. H. *Fiske,* for the defendants.