FAREIRA, Defendant in Error, *vs.* KEEVIL, Plaintiff in Error.

1. A discharge under the insolvent laws of one state will not discharge the insolvent from a contract made with a citizen of another state.

*Error to St. Louis Court of Common Pleas.*

*C. B. Lord,* for plaintiff in error. The discharge in question being a valid discharge, by the law of Maryland, is a bar to this action. A defence or discharge, good by the law of the place where the contract is made, is of equal validity in every other place. Story's Conflict of Laws, §330 to 336, 340. *Blanchard* v. *Russell,* 13 Mass. Rep. 1. *Hicks* v. *Brown,* 12 Johnson's Rep. 142. *Shevill* v. *Hopkins,* 1 Cowen's N. Y. Rep. 103, 105, 108. The notes in question being made in Maryland, payable generally, will be governed by the laws of Maryland. Story's Conf. of Laws, §272, 282*a*, 278*a*, note 1 to §293*c*, 371, 333, 343–4–5–6. *Blanchard* v. *Russell,* 13 Mass. 1. *Shevill* v. *Hopkins,* 1 Cow. 105. 3 Wheat. 101. 3 Johnson's Ch. Rep. 587. The court will not go behind the notes, and look into the original contract of sale, even if they should think it a Pennsylvania contract, which is by no means clear. It will only look at the contract sued upon, in which the original contract is merged. The notes in

question derive their obligation from the laws of Maryland, and the maker being discharged under the laws of the same state, his discharge is a bar to recovery upon the notes. *Sturges* v. *Crowningshield*, 4 Wheat. 122. *McNeil* v. *McMillan*, 4 Wheat. 209. *Ogden* v. *Sanders*, 12 Wheat. 213. *Boyle* v. *Zacharie & Turner*, 6 Pet. 643. *Cook* v. *Moffat et al.*, 5 Howard, 295.

*T. T. Gantt*, for defendant in error, cited *Cook* v. *Moffat & Curtis*, 5 Howard, 295.

SCOTT, Judge, delivered the opinion of the court.

This was an action on promissory notes, instituted by Fareira against Keevil. The notes were dated at Baltimore in September, 1844, and were for goods furnished in Philadelphia. Fareira was a citizen of Pennsylvania and continued so. Keervil was an inhabitant of the state of Maryland. The defence to the action was, a discharge under the insolvent laws of Maryland. It was not shown that Fareira became a party by his own act to the proceedings which resulted in the discharge of Keevil.

1. In the argument of this case, an attempt was made to show that the notes were Maryland contracts, and, consequently, discharged by the proceedings in insolvency. Speaking in reference to commercial law only, if the notes were Maryland contracts, they were discharged by the certificate of insolvency. By the same law, however, some courts hold, that a discharge obtained under insolvent laws, is only operative between citizens of the state in which the discharge is procured; that, although the contract may have been created in the state by whose insolvent laws it is discharged, yet the discharge is only operative between citizens of that state, and cannot affect those who reside abroad. Story's Conf. of Laws, 340. It may be assumed, as the international law, that a discharge of a contract, by the law of the place where it is made, is a discharge

everywhere, and precludes all consideration of the question whether it was made between citizens, citizens and foreigners, or between foreigners.

Whatever may be the international law on this subject, that law has been controlled by the constitution of the United States, which prohibits any state from passing laws impairing the obligation of contracts, and this question has been put to rest by repeated decisions of the Supreme Court of the United States, where it is maintained, that a discharge under the insolvent laws of the state where the contract was made, will not operate as a discharge of the contract, unless it was made between citizens of the same state. It cannot discharge a contract made with a citizen of another state. *Ogden* v. *Saunders*, 12 Wheat. 358. *Boyle* v. *Zacharie*, 6 Pet. 348. Story's Com. on the Cons. §1384. When the case of *Boyle* v. *Zacharie & Turner* came on for argument, an inquiry was made of the court, whether the opinion of Mr. Justice Johnson, delivered in the case of *Ogden* v. *Saunders*, 12 Wheat., was adopted by the other judges, who concurred in the judgment in that case. Chief Justice Marshall answered, that the judges who were in the minority of the court, upon the general question as to the constitutionality of state insolvent laws, concurred in the opinion of Mr. Justice Johnson, in the case of *Ogden* v. *Saunders*. That opinion is, therefore, to be deemed the opinion of the other judges, who assented to that judgment. Whatever principles are established in that opinion, are to be considered no longer open for controversy, but the settled law of the court. The points established by the case of *Ogden* v. *Saunders* are, first, that insolvent laws, discharging the obligation of future contracts, are to be deemed constitutional; second, that they apply to all contracts made within the state between citizens of the state; third, that they do not apply to contracts made within the state, between a citizen of a state and a citizen of another state; fourth, that they do not apply to contracts not made within the state. In all

these cases, it is considered that the state does not possess a jurisdiction co-extensive with the contract over the parties, and, therefore, that the constitution of the United States protects them from prospective as well as retrospective litigation. The plaintiff in this action was not a citizen of Maryland, but of Pennsylvania. The insolvent laws, therefore, of Maryland, could not discharge his contract, under the constitution of the United States. It does not appear that the plaintiff voluntarily made himself a party to the proceedings in insolvency, or accepted any dividend declared under them ; he has not, therefore, abandoned his extra-territorial immunity from the operation of the insolvent laws of Maryland. 3 Pet. 411. The other judges concurring, the judgment will be affirmed.