ALBERT JOURNEAY, JR. & another *vs.* GEORGE GARDNER & another.

A discharge in insolvency granted under *St.* 1848, *c.* 304, § 9, is not invalid because granted within six months after the date of the assignment.

If a foreign creditor proves his claim against an insolvent debtor here, and receives his dividend from the estate, the claim is barred by a discharge duly granted under *St.* 1838, *c.* 163, and *St.* 1848, *c.* 304.

ASSUMPSIT for goods sold and delivered, to which the defendants pleaded a discharge in insolvency under the laws of this commonwealth. The parties stated a case. The plaintiffs, citizens of New York, there sold to the defendants, of Lowell, in this county, the goods for which this action was commenced, on the 19th day of January, 1851. In the spring of that year the defendants petitioned for the benefit of the insolvent laws of this commonwealth, the first publication of notice being on the 19th of March, 1851, and the assignment being dated April 9th, 1851. At the first meeting the plaintiffs proved the claim now in suit, voted in the choice of assignee, and subsequently received a dividend from the estate, but did not assent to the insolvent's discharge, which was granted at the third meeting of their creditors held October 6th, 1851. The parties agreed that the court might render the proper judgment upon the foregoing facts.

*B. Dean,* for the plaintiffs.

*D. S. & W. A. Richardson,* for the defendants.

THOMAS, J. The defence to the plaintiffs' action is a discharge in insolvency. The reply of the plaintiffs is twofold; first, that the discharge is itself invalid, because it was granted within six months from the date of the assignment, and, secondly, that the discharge, if rightly granted, cannot avail as against the plaintiffs, who are, and were, at the time the contract was made, citizens of the state of New York, and who declare upon a contract made in that state, the defendants being, during the whole time, citizens of Massachusetts. It appears by the record that the assignment was made on the 9th of

Journeay & another v. Gardner & another.

April, 1851, and that the discharge was granted on the 6th of
October of the same year. The discharge was granted under
the *St.* of 1848, *c.* 304, § 9, which requires for the discharge
of a debtor, whose assets do not pay fifty per cent. of the
claims proved, the assent in writing of a majority in
number and value of the creditors, who have proved their
claims; that such assent shall be given within six months after
the date of the assignment; that it shall not be granted until
the third meeting has been held, and that it shall not be
granted except at a meeting of creditors. But it does not
require, either in terms, or by necessary implication, that six
months shall have passed after the assignment, before the dis-
charge can be granted. Six months are given to the debtor
to procure the assent of creditors, but he can, and in the case
at bar, did comply with all the conditions precedent to his
discharge before the lapse of that period. The *St.* of 1844,
*c.* 178, § 4, under which the case of *Eastman* v. *Hillard*,
7 Met. 422, was decided, is very different. It provides that if
a majority in value of creditors, shall dissent within six months
after the date of the assignment, the debtor shall not be dis-
charged. Six months are given to the creditors, within which
to file their dissent, and no discharge could be granted until
this period of election by the creditors had passed. The *St.*
of 1848, *c.* 104, § 9, while it is more stringent so far as the
action and control of creditors are concerned, requiring the
written assent of a majority in number as well as value of all
creditors who shall have proved their claims at three meetings
of the creditors, and that the discharge shall be granted in
open meeting, where the creditors may be present and object
to the discharge, if they have ground so to do, on the other
hand renders it possible that the debtor may obtain an earlier
discharge than under the *St.* of 1844. The first objection,
then, that the discharge was granted too early, cannot prevail.

Nor can the second. The case finds that the plaintiffs proved
their claim and received their dividend. The *St.* of 1838,
*c.* 163, § 7, provides that the debtor having in all things con-
formed himself to the provisions of the act, " shall be there-
upon absolutely and wholly discharged from all his debts

which shall be at any time proved against his estate." We do not perceive that this provision of the statute is in conflict with any provision of the constitution of the United States. On the other hand, we understand the supreme court of the United States, in *Clay* v. *Smith*, 3 Peters, 411, to have expressly decided that if a creditor, who is a citizen of one state, voluntarily makes himself a party to proceedings under the insolvent law of another state, and his debtor obtains a discharge, his debt is released.

*Judgment for the defendants.*