HARVEY M. SOULE AND GEORGE H. SOULE, APPELLANTS,
v. THOMAS B. CHASE, RESPONDENT.

*Insolvent Laws—Non-resident creditors—Dividend—Estoppel.*

Creditors residing out of the jurisdiction of the State at the time the debt is contracted, are not to be affected in their rights by the insolvent laws of this State.

The fact that they seek to avail themselves of the Courts of this State to enforce their rights under such extra-territorial contract, does not render them amenable to the insolvent laws of this State.

But when a foreign creditor makes himself a party to a proceeding under the insolvent laws of this State which discharges the debt, and he accepts a dividend under the law, he is estopped from denying the regularity and validity of such proceedings.

CLERKE, J.—The objections taken by the Plaintiff's counsel at the trial, relating to the validity of the insolvent's discharge, do not show that the officer who granted the discharge had not jurisdiction. They related to points which he could decide at the hearing, and his decision would be conclusive. All the requisites necessary to give the officer jurisdiction were sufficiently proved.

At the trial of this action, the Plaintiff's counsel also, for the purpose of rebutting the effect of the discharge, offered to prove that the Plaintiff was a non-resident of this State at the time the debt was contracted; and it appeared that he was a non-resident when the proceedings to obtain the discharge were commenced. He never participated in, or sanctioned them, and he received no dividend, or any other benefit, after the discharge was granted. The judgment upon which this action is founded was recovered on the 12th of May, 1855; the Defendant obtained his discharge as insolvent on the 7th of November, 1859.

The Supreme Court of the United States has repeatedly held, that a discharge granted in one State cannot affect creditors who are citizens of another State. They hold such a discharge, as far

11

as non-residents are concerned, to be in contravention of that provision of the Constitution of the United States which declares that no State shall pass a law impairing the obligation of contracts. (Art. 1, § 10.)

In Hicks *v.* Hotchkiss (7 Johns. Ch. 297), Chancellor Kent delivered an elaborate opinion on this subject, referring to the well-known case of Sturges *v.* Crowninshield (4 Wheaton, 122), and to cases decided by the Courts of this and other States; and he came to the conclusion, that a discharge of this nature is not a bar to a suit here upon a contract made, or debt incurred, between parties in another State, and residing there at the time.

In Van Hook *v.* Whitlock (26 Wend. 43), this subject was very fully discussed in the Court for the Correction of Errors, by the Chief Justice. He referred also to Sturges *v.* Crowninshield, and to Ogden *v.* Saunders (12 Wheat. 213), showing that in the latter it was held that, as between citizens of the same State, the discharge is valid, as far as contracts made posterior to the law are concerned; but, as against citizens of other States, it is void as to all contracts, wherever made.

In Clay *v.* Smith (3 Peters, 411), it was, however, held, that if the creditor voluntarily makes himself a party to the proceedings under a State insolvent law which discharges the debt, and accepts a dividend under the law, he will be bound by his own act, and be deemed to have abandoned the extra-territorial immunity.

In the case before us, it is admitted that the creditors were non-residents at the time the debt was incurred, and were non-residents at the time the proceedings to obtain the discharge were commenced. The only particular in which it differs from cases to which I have referred is, that the creditor (the Plaintiff) commenced an action in a Court of this State, to recover the debt; and upon the judgment recovered in that action they instituted the action now before us. It is contended in behalf of Defendant, that, by resorting to a Court of this State, they should be deemed to have abandoned the extra-territorial immunity; but it seems to me that the decision of this Court in Donnelly *v.* Corbett

(3 Seld. 500) disposes of that position.  The debt there was in-curred by a citizen of South Carolina, to merchants residing in this State; the Plaintiff (the survivor of the firm) brought an action in the Court of Common Pleas of the Charleston District, in the State of South Carolina, and recovered a judgment on the 22d of April, 1843.  On the 11th March, 1844, the debtor ob-tained a discharge from his debts under an insolvent law of that State. It was expressly held by this Court, in an action commenced in the Court of Common Pleas of the city of New York to re-cover this debt, that the resort of the Plaintiff to a Court of the State of South Carolina did not divest him of his extra-territorial immunity, so as to prevent him from objecting to the subsequent discharge of the debtor under the insolvent laws of that State.

So the Plaintiff in the case before us, being a non-resident when the debt was incurred, and when the insolvent proceedings were commenced, was not divested of his extra-territorial immunity by resorting to a Court of this State; and the discharge is not available against them.

The judgment should be reversed; new trial ; costs to abide event.

Judgment reversed.

JOEL TIFFANY,<br>
State Reporter.