### JAMES C. BUCKLIN *vs.* JAMES A. BUCKLIN.

A creditor of a dissolved partnership, after proving his debt against the estate in insolvency of a partner who on the dissolution had agreed to pay the partnership's outstanding debts, and receiving a dividend under an order distributing the estate among the joint and separate creditors alike, has no right of action on the debt against the other partner although, since the dissolution, he has removed to another state, where also the creditor resides.

CONTRACT on a promissory note of the firm of Eddy & Bucklin, consisting of George O. Eddy and the defendant; and on an account for money lent to the firm and money paid to their use.

The facts were agreed by the parties, and are sufficiently stated in the opinion. The case was reserved by *Foster,* J., for determination by the full court.

*G. F. Hoar,* for the plaintiff.

*T. L. Nelson,* for the defendant.

HOAR, J. The plaintiff was a creditor of the firm of Eddy & Bucklin, who resided and carried on their partnership business in the city of Worcester. The partnership was formed in July 1866, and dissolved January 8, 1867. By the agreement made at its dissolution, Eddy undertook to assume all its outstanding liabilities, including the outstanding paper for which his partner the defendant Bucklin, had furnished indorsers. The debt sued

appears to be a part of these liabilities. Eddy went into insolvency February 12, 1867, and the plaintiff proved against his estate the demands now in suit, and received a dividend from the separate estate of the insolvent equally with his separate creditors.

These facts seem to us to bring the case exactly within the provisions of St. 1865, c. 113.* By Gen. Sts. c. 118, § 109, the separate estate of an insolvent debtor must be first applied to the debts due to his separate creditors, who have proved their claims, before any part of it can be applied to the payment of partnership creditors. The mere proof of his debt by the plaintiff against the estate of Eddy might be considered as an equivocal act, not indicative of an intention to treat the claim as his individual liability. But in the distribution the estate was, by order of the court, divided among the joint and separate creditors alike. This shows conclusively that the distribution was ordered under the statute of 1865, and that the partnership creditors were regarded as making their proofs against the separate estate. By receiving the dividend made under such an order, the plaintiff assented and became a party to it; and by so doing, made the election to treat Eddy as his sole debtor, which, under

---

* The St. 1865, c. 113, entitled "An Act relating to the proof of claims against estates of insolvent debtors," approved by the governor March 30, 1865, is as follows:

§ 1. "Whenever, upon the dissolution of any copartnership, one or more of the copartners or a new copartnership formed by the addition of new members shall have made an agreement to pay any outstanding debts of such copartnership, or whenever a person or firm in consideration of the receipt or transfer of property shall have made an agreement to pay any outstanding debts of the party from whom such property was received or transferred, and the party agreeing to pay shall have become insolvent, such debts may, if the creditor elect, be proved against the estate of such insolvent debtor or debtors as his or their own debts, and the proof and allowance of any such debt shall be a discharge of the party originally liable therefor."

§ 2. "Whenever the original debtor in either of the cases named in the first section of this act shall have been compelled to pay the debt so agreed to be paid, he shall have the same right to prove the amount so paid as the original creditor would have had."

§ 3. "This act shall take effect upon its passage."

the provisions of the statute of 1865, discharged the defend‧ ant.

It is immaterial that the plaintiff and defendant reside in another state. By proving his claim, the plaintiff consented to share in the distribution of Eddy's assets upon the terms and conditions which our laws prescribe. *Journeay* v. *Gardner*, 11 Cush. 355. *Clay* v. *Smith*, 3 Pet. 411.

*Judgment for the defendant.*