## WILLIAM T. EUSTIS *vs.* CHARLES H. BOLLES & others.

Suffolk. January 24, 1888. — March 6, 1888.

Present: MORTON, C. J., DEVENS, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Partnership — Dissolution — Bankruptcy of a Partner — Notice — Evidence — Pleading — Insolvent Debtor — Composition with Creditors — Constitutional Law — Election — Waiver.*

The bankruptcy of a partner after a firm has dissolved is as effective notice of the dissolution to a creditor as if it had been caused by the bankruptcy.

Evidence of such bankruptcy to prove such notice is admissible in an action by the creditor against the partner, though not set up in the answer.

A creditor whose debt accrued before the passage of the St. of 1884, c. 236, as amended by the St. of 1885, c. 353, providing for compositions with creditors in insolvency, by accepting the benefit of such a composition, waives his right to object that those statutes are void as to his debt as impairing the obligation of contracts.

CONTRACT against Charles H. Bolles, George F. Wilde, and Francis D. Hall, on a promissory note dated January 1, 1880, payable to the plaintiff or order, and signed by " B. Callender & Co." Writ dated June 9, 1887. The answer of the defendant

Hall was: 1. A general denial. 2. A special denial that he ever made or signed the note, with a demand that the signature be proved at the trial. 3. That on January 1, 1880, he was not a member of the firm of B. Callender & Co. The answer of the defendants Bolles and Wilde, as amended, was: 1. A general denial. 2. Certificates of discharge upon a composition with creditors under the St. of 1884, c. 236, as amended by the St. of 1885, c. 353. The plaintiff demurred to the answer of the defendants Bolles and Wilde, on the ground that those statutes were unconstitutional and void, for the reason, among others, that they impaired the obligation of contracts.

At the trial in this court, without a jury, *C. Allen*, J., overruled the demurrer, and reported the case for the consideration of the full court. The facts appear in the opinion.

*C. Reno*, for the plaintiff.

*J. B. Richardson*, for the defendants.

MORTON, C. J. This is a suit upon a note dated January 1, 1880, signed by " B. Callender & Co." It was signed and delivered to the plaintiff by B. Callender, and at that time the only parties composing the firm were the said Callender and the defendants Bolles and Wilde. The defendant Hall, who was formerly a partner, had withdrawn from the firm on July 2, 1877, and notice of the dissolution was given by publication in the Boston Daily Advertiser, but no personal notice was given to the plaintiff. The note in suit was given in renewal of a former note which the plaintiff held at the time of the dissolution.

It further appears, that the defendant Hall, in December, 1877, filed his petition in bankruptcy, was adjudicated a bankrupt, and thereupon, in June, 1878, received his discharge.

Upon these facts, we are of the opinion that the defendant Hall is not liable in this action. The only ground upon which he could be held is that the plaintiff had no legal notice of the dissolution of the firm. If the firm had not been previously dissolved, the bankruptcy of Hall would have dissolved it. The bankruptcy, like the death, of a partner, dissolves the partnership ; and, as it is a public and notorious proceeding, all creditors are bound to take notice of it, and no further notice need be given. The publication of bankruptcy or insolvency proceedings

is legal notice to all persons, by which they are bound. Story, Part. §§ 332–336. *Arnold* v. *Brown*, 24 Pick. 89, 94. *Marlett* v. *Jackman*, 3 Allen, 287. *Butler* v. *Mullen*, 100 Mass. 453.

The plaintiff was a creditor of Hall at the time of his bankruptcy; he is presumed to have had notice of it, and this is notice that at that time the partnership had been dissolved. It is as effective notice that the old copartnership no longer existed as it would be if the bankruptcy itself had worked the dissolution.

The plaintiff objects that evidence of the bankruptcy is not admissible under the pleadings; but the fact is put in evidence, not as a bar to the plaintiff's claim, but as evidence that he had notice of the dissolution, and therefore need not be set up in the answer. We are therefore of opinion that the defendant Hall is entitled to judgment.

The defendants Bolles and Wilde rely upon discharges under our insolvent law. Their discharges were obtained under the St. of 1884, c. 236, as amended by the St. of 1885, c. 353. These statutes made a material change in our insolvent laws. Before they were enacted, an insolvent debtor was obliged to surrender all his property which was not exempt from attachment to his assignee, for distribution among his creditors, and he was entitled to a discharge if he paid fifty per cent of the debts proved, or, if he paid less than that, by procuring the assent in writing of a majority in number and value of his creditors who had proved their claims, to be filed within six months after the date of the assignment. Pub. Sts. c. 157. Under the composition statutes, he may, after his petition and schedules are filed, instead of following the further proceedings of the Public Statutes, c. 157, file " a written proposal for composition with his creditors," setting forth the amount he offers and the times of payment; if he offers fifty per cent or more, he must obtain the written assent of a majority in number and value of all his known creditors to the proposal; if he offers less than fifty per cent, of three fourths in number and value of such creditors ; and thereupon the court may order that the composition be confirmed and the amount offered be paid into court. Upon such payment, the court shall grant to the debtor a certificate of discharge from his debts. The debtor retains all his property

except what is paid into court. The money paid into court is to be paid out by the register to those entitled to it, and if any part is not called for within a year by any creditors it is, after notice to such creditors, to be paid over to the debtor or to the person who deposited it. This is a general outline of the two methods of proceeding.

We assume, in favor of the plaintiff, that the composition statutes above cited, as they undertake to discharge debts due to creditors upon conditions materially different from those existing prior to the time of their passage, are as to such prior creditors unconstitutional, as impairing the obligation of their contracts. But they are not wholly unconstitutional and void. They are clearly valid as to all debts between citizens of the State which accrue after the statutes went into effect; and a prior creditor, if he elects to avail himself of the composition proceedings and to accept their benefits, may waive his right to object that they are invalid as to his debt. The principal question in this case is whether the plaintiff has thus waived his rights.

He proved his debt in insolvency, and voted for assignee; but this he had a right to do, as the proceedings were commenced under the Public Statutes, and if they had been pursued according to these statutes his debt would have been discharged, and he would have been entitled to his share of the debtor's property. After the composition was proposed, at a hearing thereon on March 10, 1887, he objected to it, on the ground that the composition statutes were unconstitutional and void as to his debts. So far it is clear that there was no waiver of his rights. But it further appears, that on May 14, 1887, the plaintiff received the sum of $8,020, being fifty cents on the dollar of his claim, and gave a receipt reciting that it was "according to the composition confirmed by the court in the case," being like the receipts signed by all the other creditors. He thus voluntarily received all the benefits and fruits of the composition. We think that, when the composition was confirmed, he was put to his election whether he would avail himself of the composition offer, or would reject it, and rely upon his right to enforce his debt against the debtors notwithstanding their discharge.

The offer was to pay him fifty per cent, not in part payment

of his debt, but in full discharge of it. The offer may be an amount larger than could be realized from the debtors' assets if administered in insolvency. The statute contemplates that the money offered may be, and it often is in fact, paid into court by the debtor's friends, and in such case it is paid over to the person who deposited it, if not called for within a year by any of the creditors. It is clearly a violation of the whole purpose and spirit of the composition for any creditor of the insolvent to draw out his share of the money and apply it in part payment of his debt, holding the insolvent liable for the balance. It is unjust to the person who deposited the money. As the plaintiff saw fit to accept the offer, he thus made himself a party to the composition, and such acceptance was inconsistent with the right to enforce the balance of his debt, in violation of the terms of the composition. We are of opinion that he has waived his right to object that the discharge is invalid as to him.

A similar question was decided in *Clay* v. *Smith*, 3 Pet. 411, where it was held that the plaintiff, by proving his debt and taking a dividend under the bankrupt laws of Louisiana, waived his right to object that the law did not apply to his debt, he being a creditor residing in another State.

The plaintiff relies upon the cases of *Kimberly* v. *Ely*, 6 Pick. 440, and *Agnew* v. *Platt*, 15 Pick. 417. The last named case was, as is stated by Chief Justice Shaw in *Beal* v. *Burchstead*, 10 Cush. 523, " decided on the ground that the defendant was not an inhabitant or citizen of New York, and had no right to avail himself of the State insolvent law of that State." The case of *Kimberly* v. *Ely* more nearly resembles the case of the plaintiff. But in regard to both of these cases it must be said that, so far as they uphold the doctrine that a foreign creditor who voluntarily proves his debt, and receives his dividend, in insolvency proceedings before a court of competent jurisdiction, is not barred by the discharge, they are in conflict with the later decisions. The accepted doctrine now is that such creditors waive their right to object that as to their debt the law is unconstitutional. And the same rule applies *a fortiori* to a citizen of this State who elects to prove his debt contracted before the law took effect, and receives all the benefits of the law. *Bigelow* v. *Pritchard*, 21 Pick. 169, 174. *Fisher* v. *Currier*,

7 Met. 424.    *Gilbert* v. *Hebard*, 8 Met. 129.    *Clark* v. *Hatch*, 7 Cush. 455.    *Marsh* v. *Putnam*, 3 Gray, 551, 565.

We are therefore of the opinion that the discharges of the defendants Bolles and Wilde are a bar to the plaintiff's claim against them.                    *Judgment for the defendants.*