WILLIAM H. FOGLER *vs.* ANDREW E. CLARK and another.

Waldo. Opinion March 7, 1888.

*Insolvent law. Estoppel.*

A creditor, whose debt accrued before the passage of the insolvency law, having proved his claim in the insolvency proceedings of his debtor and received dividends thereon, is estopped from setting up that the law is unconstitutional as to his claim. His participation in the procedure precludes his recovering the balance of his claim.

ON report.

Assumpsit against the defendants as late co-partners under the firm name of Clark and Fernald, upon a promissory note for one hundred and forty-three dollars, dated February 17, 1876, and payable on demand.

The liability of Fernald was admitted. The other defendant, Clark, relied upon a discharge in insolvency, granted February 24, 1880. The payee of the note proved it in insolvency and received dividends from the insolvent estate as follows : May 29, 1880, twenty-four dollars and ninety-four cents; August 11, 1881, eleven dollars and eighty-seven cents. Subsequently, he indorsed the note over to the plaintiff.

*William H. Fogler*, for plaintiff.

The insolvent law under which the discharge was granted was enacted February 21, 1878. This court has decided that that law, so far as it provided for a discharge of a debtor's liabilities existing before the law was passed, is unconstitutional and void. *Schwartz* v. *Drinkwater*, 70 Maine, 409 ; *Ross* v. *Tozier*, 78 Maine, 312.

Such is the settled law in this country. *Sturges* v. *Crowninshield*, 4 Wheat. 122 ; *Farm. & Mech. Bank* v. *Smith*, 6 *Id.* 131 ; *Ogden* v. *Saunders*, 12 *Id.* 213 ; *Roosevelt* v. *Cebra*, 17 Johns. 108 ; *Matter of Wendell*, 19 Johns. 153 ; *Wyman* v. *Mitchell*, 1 Cow. 319 ; *Smith* v. *Mead*, 3 Conn. 253.

The cases of *Kimberly* v. *Ely, Ely* v. *Ely;* and *Allen* v. *Ely*, 6 Pick. 440, are in all respects similar to that at bar, except that in one of these cases the creditor in that case not only proved his claim and received a dividend, but was one of the insolvent debtor's assignees. It was there held that the discharge was no bar to the action.

In *Smith* v. *Mead*, 3 Conn. 253, the court in Connecticut decided that a state insolvent law could not affect pre-existing debts.

In *Hammett* v. *Anderson*, 3 Conn. 304, the question arose whether the discharge obtained on the joint petition of the plaintiffs (prior creditors), the defendants (the insolvent debtors) and others, was a bar to the plaintiff's claim. The court held that it was not a bar. See also *Boardman* v. *De Forest*, 5 Conn. 1.

Cases like *Gilman* v. *Lockwood*, 4 Wall. 409, *Clay* v. *Smith*, 3 Pet. 411, *Journeay* v. *Gardner*, 11 Cush. 355; in which it is held that a discharge in insolvency by a state court is a bar to the recovery of a debt due to a citizen of another state who voluntarily becomes a party to the insolvent proceedings, are not analogous.

Mr. Justice CLIFFORD, in *Baldwin* v. *Hale*, 1 Wall. 234, states the case as follows (p. 243) : "Insolvent systems of every kind partake of the character of a judicial investigation. Parties whose rights are to be affected are entitled to be heard, and in order that they may enjoy that right, they must first be notified. Common justice requires that no man shall be condemned in his person or property without notice and opportunity to make his defence. . . . Insolvent laws of one state cannot discharge the contracts of citizens of other states, because they have no extra territorial operation, and consequently the tribunal sitting under them, unless in cases where a citizen of such other state voluntarily becomes a party to the proceedings, has no jurisdiction in the case. Legal notice cannot be given, and, consequently, there can be no obligation to appear, and of course there can be no legal default."

In *Hawley* v. *Hunt*, 27 Iowa, 303 (1 Am. Rep. 273), DILLON, C. J., in an opinion in which the question is exhaustively discussed and numerous cases are cited, follows the reason of *Baldwin* v. *Hale*.

It is similar law that a party may voluntarily appear in a judicial proceeding and give jurisdiction over his person by consent. Such waiver may be express, or it may be implied from his acts, by taking subsequent steps in the action without objection to the previous irregular and void proceedings. 1 Wait's Actions and Defences, 50.

When, therefore, a creditor of another state comes in and becomes a party to insolvent proceedings, he submits himself to the jurisdiction. But a creditor holding a debt contracted prior to the passage of the law, stands in entirely a different position. The statute, so far as it undertakes to impair the obligation of his contract, is utterly void by reason of its unconstitutionality.

*Joseph Williamson*, for the defendant, Clark, cited: *Fisher* v. *Currier*, 7 Met. 424; *Chapman* v. *Forsyth*, 2 How. 202; *Morse* v. *Lowell*, 7 Met. 152; *Bigelow* v. *Pritchard*, 21 Pick. 169; *Clay* v. *Smith*, 3 Pet. 411; *Journeay* v. *Gardner*, 11 Cush. 355; *Bucklin* v. *Bucklin*, 97 Mass. 256; *Baldwin* v. *Hale*, 1 Wall. 223; *Baldwin* v. *Newbury Bank*, 1 Wall. 234; *Gilman* v. *Lockwood*, 4 Wall. 409; *Kelley* v. *Drury*, 9 Allen, 27; *Marsh* v. *Putnam*, 3 Gray, 551; *Guernsey* v. *Wood*, 130 Mass. 503; *Hills* v. *Carlton*, 74 Maine, 156; 2 Kent, Com. (9th ed.) 503.

PETERS, C. J.　The plaintiff, a creditor whose debt accrued against the defendant before the passage of the insolvent law, having proved his debt against the defendant's estate in insolvency and received dividends thereon, seeks to recover the balance of his debt, on the ground that the law is, as to his claim, unconstitutional, the question being whether he is or not estopped by these facts from asserting such unconstitutionality.

The plaintiff relies upon two early Massachusetts cases to support his proposition, *Kimberly* v. *Ely*, 6 Pick. 440; *Agnew* v. *Platt*, 15 Pick. 417.　These cases were prior to the case of *Clay* v. *Smith*, 3 Pet. 411, the authoritative decision on the question, and have been since overruled by the Massachusetts court.　*Morse* v. *City of Lowell*, 7 Met. 152; *Bucklin* v. *Bucklin*, 97 Mass. 256, and cases there cited.　The United States Supreme Court has adhered to its first opinion.　*Chapman* v. *Forsyth*, 2 How. 202; *Baldwin* v. *Hale*, 1 Wall. 223; *Gilman* v. *Lockwood*, 4 Wall. 234.　Kent and Story and other writers state it as an unquestioned rule that a creditor may waive his privileged claim by being a party to the insolvency proceeding.　It would, surely, detract greatly from the beneficent operation of the insolvency laws, if home creditors are to be inhibited from collecting, and foreign or non resident creditors are allowed to collect, their debts against an insolvency estate, while both classes of the creditors of such estate are admitted to a common management and control of its affairs.

The plaintiff, however, insists that a difference exists between

a case, like his, where the creditor is a party to a procedure which is void because unconstitutional, and a case where the claim is merely privileged because of a fiduciary character, or where the operation of the law is not wide enough to include a non resident creditor. The position contended for is, that an unconstitutional law cannot be made constitutional by admissions ; that it cannot be waived.

We do not fully concede these propositions. Of course, a void enactment does not become valid because a party admits it to be valid. But a party may, in many cases, be prevented by his acts from setting up the defense of unconstitutionality. He cannot, as the illustration goes, avail himself of the insolvency law, both as a shield and a sword. Seeking the enjoyment of its advantages, he takes its disadvantages as well. Proclaiming its validity, he cannot at the same time deny its validity.

It should be remarked at this place that the insolvency law is not unconstitutional. It would, however, be an unconstitutional act to apply its operation to the extent of discharging the plaintiff's claim, were he not a party to the procedure. But it would be just as unconstitutional to enforce the provisions of the act against non assenting creditors who reside out of the state. In either case it would impair the contract. The distinction insisted upon by the plaintiff does not appear to have received favor and scarcely recognition in the authorities on the subject.

The law which was so severely denounced as unconstitutional in the case of *Kimberly* v. *Ely, supra,* was an insolvent law of the state of New York, and was as valid in its general application as any state insolvent law. The case of *Van Hook* v. *Whitlock,* 7 Paige, 373, was where the claim in litigation accrued before the law was passed, and the court there says, " They (creditors) have deprived themselves of the right to object to the constitutionality of the assignment." The same case was, for the same reason, affirmed in 26 Wend. 43, where it was said that the effect of becoming a party to the procedure is as great at all events as an agreement would be in a private assignment or

composition.   It was there further remarked that the obligation · of the debtor ceases not from the unconstitutional law, but from the voluntary consent and agreement of the creditors.   In *Lee v. Tillotson,* 24 Wend. 337, it was held that a party having waived a constitutional provision cannot subsequently ask for its protection.   "A contrary argument," says Cowen, J., "would deprive a criminal of the power to plead guilty, on the ground that the constitution has secured him a trial by jury."   In *Daniels v. Tearney,* 102 U. S. 426, the court says, "It is well settled as a general proposition, subject to exceptions, that when a party has availed himself for his benefit of an unconstitutional law, he cannot in a subsequent litigation with others not in that position, aver its unconstitutionality as a defense.".   The case at bar is stronger than that.   It is a case of judicial estoppel, or an estoppel by judicial proceedings.   Mr. Cooley, after enumerating the classes of cases where, for different causes, the insolvent law is not allowed to apply, says : "If, however, the creditor, in any of these cases makes himself a party to proceedings under the insolvent law, he will be bound thereby like any other party to judicial proceedings, and is not to be heard afterwards to object that his debt was protected by the constitution from the reach of the law."   Cool. Con. Lim. (5th ed.) 358 ; Whar. Conf. Laws, § 528.

It strikes us that the only hardship which the plaintiff can complain of is that the legislature did not, in its thoughtfulness, include a claim like his in that clause which allows certain privileged creditors to prove their claims, the dividend received to be only a payment on the debt, and not a discharge of the debtor therefrom.   R. S., ch. 70, § 47.

*Plaintiff nonsuit.*

Walton, Danforth, Libbey, Emery and Haskell, JJ., concurred.