P. S. MURRAY & others vs. PETER ROBERTS.

Worcester.    October 4, 1889. — January 1, 1890.

Present: MORTON, C. J., FIELD, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Insolvent Debtor — Non-resident Creditor — Waiver — Composition —
Proof of Claim.*

A non-resident creditor, by accepting the benefit of an offer by an insolvent debtor
of a composition with creditors, under the St. of 1884, c. 236, as amended by
the St. of 1885, c. 353, is bound by a discharge in insolvency granted to the
debtor.

An insolvent debtor, pending insolvency proceedings against him in this Common-
wealth, filed in the insolvency court a schedule of creditors, containing the
name, residence, and amount of claim of a non-resident creditor. The debtor
afterwards made an offer of composition and complied with an order for a divi-
dend made thereon by paying the requisite amount into court, and received his
discharge in insolvency. The creditor, who was duly notified of all the pro-
ceedings, then wrote to the register of insolvency requesting him to remit the
amount of his dividend, and, on the register's refusal to send it without a re-
ceipt, sent him a receipt which expressly acknowledged that he had received
the amount as a "dividend in matter of composition" of the debtor. *Held*, that
the claim had been proved within the meaning of the Pub. Sts. c. 157, §§ 80, 81,
and was barred by the discharge in insolvency.

CONTRACT on an account annexed to recover a balance of the
price of goods sold. The account annexed disclosed debit items
in all amounting to two hundred and fifteen dollars, with a fur-
ther item for interest, and a credit item of forty-three dollars.
Writ dated June 5, 1888. The case was submitted to the Supe-
rior Court, and, after judgment for the defendant, to this court,
on appeal, on agreed facts, in substance as follows.

The defendant bought the goods in question for two hun-
dred and fifteen dollars, on March 19, 20, 1886, from the plain-
tiffs, who were residents of Rhode Island. Subsequently the
defendant became insolvent, and on June 9 following involun-
tary proceedings in insolvency were duly begun against him.
The defendant thereupon filed in the Court of Insolvency sched-
ules of his property and creditors, subscribed and sworn to by
him, in which appeared the names of the plaintiffs, their resi-
dence, and the nature of their debt and its amount. Subse-
quently the defendant filed a written proposal for a composition

with his creditors under the statutes relating thereto, after which various meetings of the creditors were held, at which many claims were proved. The plaintiffs were duly notified of all the insolvency proceedings, including the offer of composition. On November 3, the Court of Insolvency made a decree confirming the composition proceedings, and ordered the defendant to deposit in court the amount required to carry it out, and, upon the defendant's doing so, ordered a dividend for the creditors, including one of forty-three dollars for the plaintiffs, of which due notice was given to them. A discharge in insolvency was duly granted to the defendant on November 16, 1886, which recited that the defendant "is absolutely and wholly discharged from all his debts which have been or shall be proved against his estate," and continued in full force.

The plaintiffs wrote to the register of insolvency on December 6, 1886, requesting him to remit to them the amount of their dividend. A reply was sent by him, that the dividend would not be sent to them until they had signed a receipt for the same, of which a form was enclosed as follows: "Providence, R. I., Dec. 6th, 1886. Received of F. W. Southwick, Register of Probate and Insolvency, forty-three dollars, dividend in matter of composition case of Peter Roberts, insolvent debtor. Claim $215.00. Dividend 20 per cent, $43.00." The plaintiffs signed the receipt and returned it to the register on December 7, whereupon a check was sent to them, which they received, for that amount. The plaintiffs never formally proved their claim in insolvency against the defendant, and did nothing else in respect to it except as above set forth.

If the plaintiffs were entitled to recover, judgment was to be entered for them for such sum as might be found to be due; otherwise, judgment was to be entered for the defendant.

*W. A. Gile & A. M. Taft*, for the plaintiffs.

*W. W. Rice & W. H. King*, (*H. W. Rice* with them,) for the defendant.

KNOWLTON, J. It has repeatedly been decided that a resident of another State who voluntarily submits himself to the jurisdiction of a court of insolvency, by proving his claim, or otherwise participating in the proceedings, waives his right to object that the legislature of the State which created the court

has no constitutional right to pass a statute which will discharge his debt. *Clay* v. *Smith*, 3 Pet. 411. *Journeay* v. *Gardner*, 11 Cush. 355. *Eustis* v. *Bolles*, 146 Mass. 413.

The plaintiffs were duly notified of the pendency of insolvency proceedings against the defendant in this Commonwealth, and of his proposal of composition with his creditors, and of the order of a dividend on the offer of composition, and they wrote to the register of insolvency requesting him to remit the amount of their dividend. On his refusal to send it without having their receipt for it, they sent him a receipt which expressly acknowledged that they received the amount as a "dividend in matter of composition, case of Peter Roberts, insolvent debtor." This was a recognition by the plaintiffs of the insolvency proceedings, and a ratification of them and submission to them, so far as they purported to make the plaintiffs parties entitled to share in the distribution of assets. The case is brought within the principle laid down in *Eustis* v. *Bolles*, *ubi supra*. The plaintiffs could not avail themselves of the advantages resulting from the proceedings in insolvency without submitting themselves to the consequences which the law imposes on such creditors. If, therefore, by the terms of our statute, their debt is discharged, the statute is as binding upon them as if they had been residents of this Commonwealth.

It is argued that a discharge in insolvency does not in terms affect foreign creditors, unless they have proved their claims, even though, under the St. of 1884, c. 236, they have participated in the proceedings, and have accepted a dividend; and it is said that the plaintiffs did not prove their claim. The language of the discharge covers all "debts which have been or shall be proved" against the debtor's estate, thus including debts proved after the discharge is granted. Pub. Sts. c. 157, § 80. Until the passage of the St. of 1884, c. 236, none but creditors who had proved their claims could receive a dividend, and a claim was said to be proved only when it had been allowed by the court, upon presentation supported by affidavit. in the form required. It is only in that sense that the word "proved" is now used in most parts of the statute. But the question arises whether, in the application of §§ 80 and 81 of the Pub. Sts. c. 157, to a case like the present, it is not used in a broader

sense. In construing the discharge, can the claim of the plain-tiffs be said to have been proved against the defendant's estate? That was done which obtained for them a dividend from the estate. · The presentation of their claim by the defendant in his schedule, and their acceptance of the benefits accruing under the St. of 1884, c. 236, was equivalent in its results to a formal proof of their claim under the former statute. To hold that their claim was not proved would be to permit foreign creditors to have all the advantages open to creditors residing in our own State, without making them liable to have their debts discharged. It seems to us, that when the defendant, under the St. of 1884, c. 236, presented to the court a schedule of his credi-tors, containing the names and residence of the plaintiffs and the amount of their debt, and when, under the law, they were notified of all the proceedings looking to a composition with the creditors and to a discharge of the defendant, and when the schedule was treated by the court as a sufficient verification of their debt to warrant a dividend upon it, and when the divi-dend was made and deposited in the registry of the court for the plaintiffs, and they were notified of it, and when they after-wards, knowing all that had been done, availed themselves of the proceedings and accepted the dividend, their debt must be deemed to have been proved, within the meaning of §§ 80 and 81, of the Pub. Sts. c. 157. Such a construction of these sec-tions is in accordance with the true spirit and intent of the law, and gives this part of the statute a proper application to facts which could not exist under the law in force at the time it was enacted.

On the facts agreed, the plaintiffs' debt is barred by the dis-charge in insolvency.

*Judgment affirmed.*