JAMES WRIGHT *vs.* WARREN WORTHLEY.

Somerset.    Opinion January 13, 1892.

*Insolvency.   Composition.   Discharge.   Waiver of objections.   R. S. c. 70 § 62.*

Where the original payee of a note proved it in insolvency under composition proceedings, and received and receipted for the percentage paid by the insolvent, and made no objections to his discharge, the grounds for which appeared by the record of proceedings in the court of insolvency, *it was held,* in a subsequent action upon the note by an indorsee that the payee had waived his right to object to the discharge being invalid as to him; and that the

plaintiff, his indorsee, taking the note after a discharge had been granted, with full knowledge of the facts, could not invoke the same objections to invalidate the discharge.

ON REPORT.

This was an assumpsit upon a promissory note, dated March 8, 1888, given by the defendant to Loantha J. Parkman and by her proved in the composition proceedings in insolvency, of the defendant, begun on his petition filed January 7, 1889, and under which he received his discharge July 11, 1889.

The writ is dated July 12, 1889. Plea, general issue and brief statement of defense setting out the discharge by the court of insolvency. It appeared that after said payee had proved her claim and had received and receipted for the dividend under the composition, she indorsed the note·to the plaintiff who was her attorney in the proceedings.

The plaintiff filed a replication to the defendant's plea alleging jurisdictional irregularities in the proceedings and various frauds of the defendant, consisting of concealment of his estate, and that his schedule of creditors was knowingly false, &c.

The disposition made by the court of these issues of irregularities and fraud renders an extended report of the same unnecessary. The allegations were found not to be sustained by the evidence, which consisted in part of the insolvent's examination taken by the plaintiff.

*James Wright*, for plaintiff.

Counsel cited : *Thaxter* v. *Johnson*, 79 Maine, 348 ; *Betton* v. *Allen*, 9 Cush. 382 ; *Wheelden* v. *Wilson*, 44 Maine, 11 ; *Marston* v. *Marston*, 54 *Id.* 476 ; *Aiken* v. *Kilburne*, 27 *Id.* 252 ; *Smith* v. *Parker*, 41 *Id.* 452 ; *Hartshorn* v. *Eames*, 31 *Id.* 93 ; *Brinley* v. *Spring*, 7 *Id.* 241 ; *Pulsifer* v. *Waterman*, 73 *Id.* 234 ; *Graves* v. *Blondell*, 70 *Id.* 190 ; *Laughton* v. *Harden*, 68 *Id.* 208 ; *Howe* v. *Ward*, 4 *Id.* 200 ; *Bank* v. *Rich*, 81 *Id.* 164.

*Walton and Walton*, for defendant.

LIBBEY, J. The plaintiff brings this action as indorsee of a promissory note, dated the 8th day of March, 1888, given to

one Loantha J. Parkman, for sixty dollars, payable on demand with interest.

The defendant pleads in defense his discharge in insolvency, granted by the court of insolvency of Somerset county, on the 11th day of July, 1889. The discharge was granted by the court on composition proceedings under § 62 of Chap. 70 of the Revised Statutes.

The plaintiff contends that the discharge pleaded is not valid for several grounds, which he sets out in his replication to the defendant's plea. The grounds specified are irregularities in the proceedings, which it is claimed took from the court jurisdiction to grant the discharge, and frauds on the part of the insolvent debtor, which rendered the discharge if the court had jurisdiction to grant it, invalid as against his claim. The burden is upon the plaintiff to sustain the allegations in his plea.

We have carefully examined the evidence upon which he relies and are not satisfied that it sustains his objections to the discharge. But if it does, we think he cannot avail himself of them.

At the time of the discharge, the note in suit was held by the original payee. She received and receipted for the percentage offered and paid by the debtor under the composition proceedings. The plaintiff took the note as indorsee after the discharge and receipt of the percentage paid by the debtor, and with full knowledge of all the grounds that he now sets up for the purpose of invalidating the discharge. He claims now that all the grounds alleged by him in resistance of the discharge appear by the records and the proceedings of the court of insolvency. They were known to the holder of the note or might have been known in the exercise of due diligence, and no objection was made to the debtor's discharge by her. Having knowledge of all the grounds set up by the plaintiff, by making no objection to the allowance of the discharge and receiving the percentage paid by the debtor, we think she must be held as electing to waive the objections that were then open to her and take the sum offered by the debtor. The plaintiff, taking the note after the discharge was granted and the receipt

of the payment by the holder of the note, with full knowledge of all the facts which he now relies upon, stands in no better position than the indorser stood in.   It is too late now for these objections to be invoked to invalidate the discharge.   *Eustis* v. *Bolles*, 146 Mass. 413 ; *Blake* v. *Clary*, 83 Maine, 154.

*Judgment for defendant.*

PETERS, C. J., WALTON, FOSTER, HASKELL and WHITEHOUSE, JJ., concurred.