WILBUR H. POWERS *vs.* JOSIAH H. MANN & others.

Suffolk.   March 18, 1892. — May 9, 1892.

Present: FIELD, C. J., HOLMES, KNOWLTON, LATHROP, & BARKER, JJ.

*Promissory Note — Insolvency — Election — Statute.*

A. sued upon a firm note made while B. was a member thereof.  B.'s defence was
that, at dissolution the remaining partners agreed to pay outstanding debts,
including the note, that they afterwards went into insolvency, and that A.,
having proved against them, discharged B. by force of the Pub. Sts. c. 157,
§ 125.  It appeared that A.'s proof was subsequently expunged on his own
petition; and he testified that, when he proved, he did not know of the partners'
agreement to pay the debts of the old firm.  A. excepted to so much of the
record of the insolvency proceedings as showed a petition that B. be adjudged
a member of the firm, which petition had been dismissed by the judge of insol-
vency.  *Held,* that A. proved on the footing that the remaining partners were
properly in insolvency without B., and the judge had decided that they were,
and that the decision had no bearing on the question whether the plaintiff was
ignorant, as he claimed, of their agreement to pay the firm debts.

CONTRACT, to recover the balance due upon a promissory note
made by the firm of Severance and Tappan.  At the time of the
making thereof the firm was composed of Frank B. Severance,
Daniel L. Tappan, and Josiah H. Mann.   The case was tried
against Mann, the other defendants having been defaulted.

At the trial in the Superior Court, before *Thompson,* J., it
appeared in evidence that on December 22, 1885, the plaintiff
loaned the defendants a sum of money, taking therefor their
note ; that on or about December 26, 1886, the firm of Severance
and Tappan was dissolved by the retirement of Mann, and that
the remaining partners agreed with Mann to hold him harm-
less from all liabilities of the firm of Severance and Tappan, and
they did assume all liabilities.   The claim of the suit would be
covered by the agreement.

It also appeared in evidence, that in February, 1886, the firm
of Severance and Tappan, then composed of Frank B. Severance
and Daniel L. Tappan, were duly declared insolvent by the In-
solvency Court of the county of Suffolk ; that at the second
meeting of the creditors the plaintiff proved his claim, which
was duly allowed ; that subsequently, upon the petition of the

plaintiff, his claim was expunged from the records of the court; and that the insolvent estate had not been closed, and that the plaintiff received no dividend therefrom, nor did he vote for assignee.

The plaintiff testified that at the time he proved his claim he was ignorant of the existence of the agreement to assume and pay the outstanding liabilities of the firm made by Severance and Tappan on the one part, and Mann on the other; that very soon after receiving such knowledge he filed his petition to expunge the claim.

The only question submitted to the jury was whether or not the plaintiff had elected within the meaning of the Pub. Sts. c. 157, § 125, which provides: " When, upon the dissolution of a partnership, one or more of the partners or a new partnership formed by the addition of new members has made an agreement to pay any outstanding debts of such partnership, or when a person or firm, in consideration of the receipt or transfer of property, has made an agreement to pay any outstanding debts of the party from whom such property was received or transferred, and the party agreeing to pay has become insolvent, such debts may, if the creditors so elect, be proved against the estate of such insolvent debtor or debtors, and the proof and allowance thereof shall be a discharge of the party originally · liable therefor."

The defendant Mann called as a witness the Register of Insolvency, who produced the record of the insolvency case of Severance and Tappan, and read from the record, and without objection, that that firm were duly declared insolvent; that the plaintiff duly proved his claim; that the same was duly allowed, and that the proof was subsequently expunged without notice to Mann.

The counsel for the defendant Mann requested the witness to read that part of the record which showed that a petition had been filed in the case, signed by Severance and Tappan and by the assignees of the insolvent estate, praying that Mann be declared insolvent as a general partner of the firm.

The plaintiff objected to the reading of the petition, and to the reading of any of the record, excepting so much as had already been read. The plaintiff, upon cross-examination,

inquired of the witness whether or not the record did not show that the proof had been expunged.

The objection made by the plaintiff was overruled, and the entire record admitted. The jury returned a verdict for the defendant Mann; and the plaintiff alleged exceptions.

*H. L. Boutwell*, for the plaintiff.

*G. H. Towle*, for the defendant Mann.

HOLMES, J. The plaintiff sued upon a note made by the firm of Severance and Tappan while the defendant Mann was a member. Mann's defence was that the firm was dissolved, that Severance and Tappan then agreed to pay the outstanding debts, including this note, that they subsequently went into insolvency, and that the plaintiff elected to prove against them, and thus discharged Mann by force of the Pub. Sts. c. 157, § 125. The question tried before the jury was whether the plaintiff elected as alleged. It was not denied that the plaintiff proved against Severance and Tappan, or that subsequently his proof was expunged upon his own petition. But the plaintiff testified that when he proved he did not know of Severance and Tappan's agreement to pay the debts of the old firm, and he sought to avoid the effect of his proof in that way.

When the record of the insolvency proceedings was put in, the plaintiff excepted to the introduction of so much of it as showed a petition that Mann be adjudged a member of the firm; which petition was heard and dismissed by the judge. We do not perceive what harm this evidence can have done the plaintiff. He proved on the footing that Severance and Tappan were properly in insolvency without Mann, and the judge decided that they were. The decision had no bearing on the question whether the plaintiff was ignorant, as he said, of their agreement to pay the firm debts.

*Exceptions overruled.*