JOSEPH ROSENHEIM & CO., PLAINTIFFS IN ERROR, VS. HINTON V. MORROW, DEFENDANT IN ERROR.

STATE INSOLVENT LAWS — CHARGE ERRONEOUS ONLY IN PARTY'S FAVOR.

1. The several States of the American Union have power to enact insolvent or bankruptcy laws, applicable within their respective territories, so long as the Congress of the United States abstains from exercising its exclusive power to provide a general bankruptcy law.

2. State insolvent laws are effective to discharge the debtor from all debts contracted *subsequent* to the enactment of the law and that are due to citizens of the State under whose law the discharge is claimed.

3. State insolvent laws can not and do not affect debts due to non-resident creditors, unless such creditor voluntarily makes himself a party to the insolvent proceedings instituted under such State law.

4. By proving his debt and presenting it to the assignee in the insolvent proceedings and accepting a dividend thereunder, the non-resident creditor subjects his claim to the jurisdiction of the State insolvent law, and is bound by the debtor's discharge thereunder, so that his debt is barred thereby.

5. Where the only error in a charge consists in its statement of a proposition entirely in favor of the party questioning it, it is, as to him, harmless error.

Writ of Error to the Circuit Court for Madison county.

The facts of the case are stated in the opinion of the Court.

*H. J. McCall*, for Plaintiffs in Error.

*E. J. Vann & Son*, for Defendant in Error.

TAYLOR, J.:

The plaintiffs in error, as plaintiffs below, in May, 1892, instituted their suit in assumpsit against the defendant in error, in the Circuit Court of Madison county, upon an account for goods, wares and merchandise sold and delivered during the year 1890, the declaration being in the usual form, with the common counts. The defendant interposed four pleas : 1st. That before suit he had discharged and satisfied plaintiffs' claim by payment. 2nd. That before action he made an assignment of all his property for the benefit of his creditors under the laws of Florida, and plaintiffs proved and presented the claim herein sued on to the assignee for payment, and the same was paid by said assignee by the payment to them of their just and equal *pro rata* share of the assets which went into the hands of the assignee, and the assignee duly administered his trust, and was discharged according to law. 3rd. That before suit the defendant made an assignment of all his property for the benefit of creditors under the laws of Florida, and plaintiffs proved and presented the claim herein sued on to the

assignee for payment, and the same was paid by said assignee by the payment to them of their just and equal *pro rata* share of the assets which went into the hands of the assignee, and the assignee refused to pay plaintiffs' said *pro rata* share unless they would receive the same as payment in full of said claim, and the plaintiffs expressly agreed to accept, and did accept, said *pro rata* share in full payment and discharge of the claim herein sued on, and the assignee duly administered his trust and was discharged according to law. 4th. That before action he made an assignment of all his property for the benefit of his creditors under the laws of Florida, and plaintiffs proved and presented the claim herein sued on to the assignee for payment, and the same was paid by said assignee by the payment to them of their just and equal *pro rata* share of the assets that went into the hands of the assignee, and plaintiffs expressly agreed to accept, and did accept, said *pro rata* share in full payment and discharge of the claim herein sued on, but in violation of said agreement, and intending to defraud and deceive the assignee and the defendant, gave a receipt which they now pretend should not be construed as a receipt in full payment and discharge of said claim. Issue was joined on these pleas and trial was had thereon by jury, that resulted in a verdict and judgment for the defendant, from which the plaintiffs take a writ of error.

Some effort was made at the trial to prove that the plaintiffs accepted the *pro rata* payment made them by the assignee of the defendant upon the express agreement that it was in full payment of their entire claim, but we think the proof failed to establish the fact. It was shown, however, without contradiction,

that the defendant about the 3rd day of January, A. D. 1891, made a general assignment of all his property for the benefit of his creditors generally, without preference, to one C. B. Ashley as assignee. That the assignee, after collecting the assets, declared a *pro rata* dividend and notified the plaintiffs, requesting them to prove and present their claim. That in response thereto the plaintiffs proved the account now sued upon herein and presented it to the assignee and accepted from him their full *pro rata* share of the assets, giving a receipt therefore as being a payment on account. That the assignee faithfully executed the trust and was regularly discharged therefrom. The plaintiffs now sue for a balance of $386.77 that was left unpaid of their account after deducting the payment of $144.63 made them by the assignee.

The only question presented or insisted upon here is as to the propriety of the following charge given by the Judge to the jury, that was excepted to by the plaintiffs and assigned as error, *viz.:* "If from the weight of evidence you should find that before the plaintiffs commenced suit the defendant had made an assignment of all his property for the benefit of all his creditors as provided by our statute, and that the assignee accepted the trust and duly performed the duties imposed upon him by law ; and should further thus find that the plaintiffs, on being so advised, proved up and presented to the assignee the claim now sued on herein ; and should further find that the plaintiffs in person, or by their authorized agent, called afterwards on the assignee in person, here in Madison, and demanded payment of their said claim ; and should from the evidence further thus find that the assignee, on said demand being made, offered to

JANUARY TERM, 1896.     187

Joseph Rosenheim & Co. v. Hinton V. Morrow.—Opinion of Court.

pay over to plaintiffs, or their said agent, their just or an equal *pro rata* share of the assets of the defendant's property which had come into his hands as such assignee, on condition that plaintiffs would receive and accept the same in full payment of their said claim ; and should further find that the plaintiffs then and there refused to receive and accept the same in full for his claim, then you may find for the plaintiffs ; unless you should further find and believe from the evidence that after such refusal the plaintiffs changed their minds and accepted the same on the terms tendered. If from the evidence you should find that after the tender and refusal offered the plaintiffs, or their authorized agent, returned to Savannah and with a knowledge of what they were doing, decided to accept the amount of money thus offered to be paid them, or their authorized agent here in Madison, by the said assignee, and so notified him, and afterwards the assignee immediately paid them the same, then you should find for the defendant." The plaintiffs were residents and citizens of the State of Georgia, while the defendant and his assignee were residents and citizens of Florida. Chapter 3891 laws, approved May 31st, 1889, in force at the time of the contracting of the debt sued for herein, and at the time of the institution of this suit, after providing for the making of assignments by debtors of all their property, except such as is exempt by the Constitution to the heads of families, for the benefit of their creditors in equal proportion without preferences, and for the duties of the assignee, in giving notice to creditors, and disposing of the property, provides in its ninth section that after the final statement of the assignee of all matters pertaining to his position, he may, after

thirty days' notice by publication, apply by petition to the Judge of the Circuit Court for letters of discharge as such assignee, and if the Judge is satisfied that the assignee has complied with his duties as such assignee, he shall then grant him letters of discharge. Section ten provides that the assignor, upon complying *bona fide* with the provisions of this law, shall be freed of and forever discharged and released from further liability for debts made prior to said assignment. The plaintiffs in error contend that this law is unconstitutional and void, the plaintiffs being non-residents of Florida, and citizens of another State. The following propositions of law seem now to be well settled : 1st. That the several States of the American Union have power to enact insolvent or bankruptcy laws, applicable within their respective territories, so long as the Congress of the United States abstains from exercising its exclusive power to provide a general bankruptcy law. 2nd. That such State laws are effective to discharge the debtor from all debts contracted subsequent to the enactment of the law and that are due to citizens of the State enacting the law under which the discharge is claimed. 3rd. That such State laws can not and do not effect debts due to non-resident creditors, unless such non-resident creditors voluntarily makes himself a party to the insolvent proceedings instituted under such State law. 4th. That by proving his debt and presenting it to the assignee in the insolvent proceedings and accepting a dividend thereunder. the non-resident creditor subjects his claim to the jurisdiction of the law, and is bound by the debtor's discharge thereunder, so that his debt is barred thereby. Sturges vs. Crowninshield, 4 Wheat. 122 ; Clay vs. Smith, 3 Pet. 411 ;

Baldwin vs. Hale, 1 Wall. 223; Denny vs. Bennett, 128 U. S. 489, 9 Sup. Ct. Rep. 134; Hawley vs. Hunt, 27 Iowa, 303, S. C. 1 Am. Rep. 273; Van Hook vs. Whitlock, 26 Wend. 43, S. C. 37 Am. Dec. 246; Springer vs. Foster, 2 Story (C. C.), 383; Bucklin vs. Bucklin, 97 Mass. 256; Eustis vs. Bolles, 146 Mass. 413, 16 N. E. Rep. 286; Jones vs. Horsey, 4 Md. 306, S. C. 59 Am. Dec. 81; Gardner vs. Oliver Lee's Bank, 11 Barb. 558; Chafee vs. Fourth National Bank of New York, 71 Maine, 514, S. C. 36 Am. Rep. 345; Murray vs. Roberts, 150 Mass. 353, 23 N. E. Rep. 208, S. C. 15 Am. St. Rep. 209, *and notes.* The charge of the court excepted to was erroneous only in being more favorable to the plaintiffs than they were entitled to under the law, in that it made the bar of their debt dependent upon their express agreement to accept a dividend from the assignee as payment in full. No such express agreement was necessary in order to discharge and bar the debt. They knew that the defendant had made an assignment in compliance with this law. They voluntarily proved their claim, presented it to the assignee, and received and accepted an equal *pro rata* share of the defendant's property as a payment thereon. They thereby brought themselves within the jurisdiction of the law, and put themselves on the same footing as resident creditors, and are estopped from claiming the immunity from the operation of the law that their non-residence would otherwise have given them, and this without any express agreement to accept the payment received by them as payment in full. The law, as it then existed, discharged the debtor when he in good faith gave up all the property, to which his creditors could resort for their debts, to an assignee

for equal distribution between them. The charge complained of, though erroneous in its statement of the law, was not hurtful to the plaintiffs, inasmuch as it erred in their favor, and they can not, therefore, complain of it.

The judgment of the court below is affirmed.