## DAVID G. PRIESING *vs.* ROBERT CRAMPTON.

Suffolk. April 2, 1902. — May 22, 1902.

Present: HOLMES, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Partnership. Insolvency.*

In an action for money lent to a partnership of which the defendant was a member, it appeared, that after the money was lent the partnership was dissolved, and the other partner assumed the debts and later was petitioned into insolvency. The plaintiff then began this action and ten days afterwards proved his claim in the insolvency proceedings and it was allowed. The defendant contended that these facts constituted a discharge of the defendant under Pub. Sts. c. 157, § 125. R. L. c. 163, § 142. *Held,* that the statute did not apply, not being intended to take away a creditor's previously existing rights. The insolvent was liable as a partner apart from the provision of the statute, and the proof against his estate was an equivocal act and not an election.

CONTRACT for $2,260, lent to a partnership of which the defendant was a member. Writ dated February 13, 1897.

At the trial in the Superior Court before *Lawton,* J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*J. P. Leahy & J. C. Pelletier,* for the defendant.

*J. F. Sweeney & G. A. Flynn,* for the plaintiff.

HOLMES, C. J. This is an action for money lent to a partnership of which the defendant was a member. After the money was lent the partnership was dissolved and the other member, one Schlaffhorst, assumed the debts and later was petitioned into insolvency, on January 18, 1897. This suit was begun by the plaintiff's intestate on February 13, 1897. On February 23, of the same year, he proved his claim in the insolvency proceedings, and on March 12 his claim was allowed. It may be assumed that he knew of Schlaffhorst's agreement with the defendant. Schlaffhorst was discharged on October 15. These facts are relied on as a defence under Pub. Sts. c. 157, § 125. (R. L. c. 163, § 142.) By that section, under such circumstances as have been stated, " such debts may, if the creditors so elect, be proved against the estate of such insolvent debtor or debtors, and the proof and allowance thereof shall be a discharge of the party originally liable therefor."

The answer to this argument is not difficult. The section quoted cannot be construed as intended to take away a creditor's previously existing rights. It refers to a proof against the estate of the insolvent debtor as one of his separate creditors. This is made clearer by the language of the original act, St. 1865, c. 113, § 1, which is: " proved against the estate of such insolvent debtor or debtors, as his or their own debts." It is not to be presumed that the codification in the Public Statutes changed the meaning. The plaintiff had a right to prove against Schlaffhorst, apart from this provision, as Schlaffhorst was one of his original debtors. *Clarke* v. *Stanwood,* 166 Mass. 379. Hence the mere proof against him was an equivocal act and did not affect the plaintiff's right against the defendant. *Bucklin* v. *Bucklin,* 97 Mass. 256, 257. If, as in *Bucklin* v. *Bucklin,* he had received a dividend on an equal footing with the separate creditors of Schlaffhorst, the case would have been different.

But he received no dividend, as only preferred creditors were paid anything. Under other circumstances, proof alone with knowledge of the agreement might show an election, *Powers* v. *Mann*, 156 Mass. 375, but in the present case it was not enough.

*Exceptions overruled.*