EDWIN C. SWIFT, and another, vs. JOHN H. WINCHESTER.

Penobscot.    Opinion July 2, 1902.

*Insolvency.    Discharge.    Foreign Creditor.    Concealed Identity.*

A discharge in insolvency is void as against non-resident creditors who have not made themselves voluntary and consenting parties to the proceeding, by proving their claims, accepting dividends, or otherwise.

The effect of a discharge in insolvency depends upon the authority of the court which granted it, and not upon the conduct of the parties.

The true ground upon which such a discharge is void as against non-resident creditors is that the insolvency court has no jurisdiction over them.

Though the debt in suit was contracted with the plaintiffs, while doing business in this state under a name and style which did not disclose their identity, nor their residence, and by which the defendant was led to believe that he was dealing with a resident concern, the defendant's discharge in insolvency is not a bar.

Agreed statement.    Judgment for plaintiff.    Assumpsit for beef and packing-house products sold and delivered between September, 1891, and October, 1892.

The plaintiffs were doing business in Bangor under the style of the Bangor Beef Co.

The facts are stated in the opinion.

*B. C. Additon and D. W. Nason,* for plaintiffs.

*D. D. Stewart,* for defendant.

The case at bar falls directly within the principles established by this court in *French* v. *Robinson,* 86 Maine, 142, 41 Am. St. Rep. 533, and has the support of every reason upon which those principles are based.

The plaintiffs were seeking some supposed advantage from their conduct and the concealment of their identity; "they should suffer any disadvantages as well."

All the facts were artfully concealed from the defendant. But the plaintiffs well knew that defendant, dealing with an undisclosed agent, had the right to treat him as the principal, and could main-

tain any suit against him for any defect in the goods sold, and could set off any debts he might have against such agent.

"One who acts as the agent of an undisclosed principal, may be treated as principal by the party with whom he deals." *Nolan* v. *Clark*, 91 Maine, 38; *Welch* v. *Goodwin*, 123 Mass. 71, 77, 25 Am. Rep. 24; *Osborn* v. *U. S. Bank*, 9 Wheat. 843.

Had the agent disclosed his principal and defendant thereupon refused to purchase the goods, the parties could then have made a binding agreement, that, if later made necessary by stress of proper circumstances, defendant might have the benefits of the insolvent laws of Maine. And by such an agreement plaintiffs would be "submitting himself and his claim" to the jurisdiction of the Maine court within the doctrine of *Pullen* v. *Hillman*, 84 Maine, 129, 130, 30 Am. St. Rep. 340.

Counsel also cited: *Woodbridge* v. *Allen*, 12 Met. 470, 473; *Blanchard* v. *Russell*, 13 Mass. 1, 8, 7 Am. Dec. 106; *May* v. *Breed*, 7 Cush. 15, 38, 54 Am. Dec. 700.

SITTING: WISWELL, C. J., EMERY, STROUT, SAVAGE, POWERS, SPEAR, JJ.

SAVAGE, J.    The plaintiffs, who are non-residents, bring this action to recover the price of meats sold to the defendant in Bangor. In defense, the defendant sets up a discharge from his debts under the insolvent laws of this state.

It is a well settled and familiar rule of law, which needs only to be stated, that a discharge in insolvency is void as against non-resident creditors who have not made themselves voluntary and consenting parties to the proceeding, by proving their claims, accepting dividends, or otherwise. *Felch* v. *Bugbee*, 48 Maine, 9, 77 Am. Dec. 203; *Hills* v. *Carlton*, 74 Maine, 156; *Pullen* v. *Hillman*, 84 Maine, 129, 30 Am. St. Rep. 340; *Silverman* v. *Lessor*, 88 Maine, 599; *Baldwin* v. *Hale*, 1 Wall. 233. It is admitted that the plaintiffs in this case did not in any manner participate in the insolvency proceedings of the defendant.

But it appears that the plaintiffs at the time the meats in question

were sold were doing business in Bangor, under the name of the Bangor Beef Co.; that their general manager was a citizen of Bangor; that the sign upon the plaintiffs' store was "Bangor Beef Co.;" that all of the transactions of the plaintiffs were done solely under that name; and that their individual names nowhere appeared. It is admitted that until the commencement of this suit the defendant had no knowledge that the plaintiffs had any interest in, or connection with, the store of the "Bangor Beef Co.," or the property in it, but supposed that he was trading with an incorporated company.

Upon these facts the learned counsel for the defendant urges that the manner in which the plaintiffs conducted their business was fraudulent as to the defendant, that it was a suppression of the truth, and that thereby the defendant was falsely entrapped into trading with them. It is claimed that had the defendant known the truth he would or might have refused to trade with the plaintiffs, incurring debts which would not be barred by a discharge in insolvency, and that by means of the alleged fraudulent conduct of the plaintiffs he has been put into a false position and thereby injured. And it is argued that the plaintiffs, having thus induced the defendant to believe that he was trading with a citizen of the state, should be treated as such citizens are, and that their claim should be barred by his discharge in insolvency.

We do not, however, think the defendant's premises are sound in fact. The plaintiffs had a right to do business under the name of the Bangor Beef Co. if they chose to do so, and the case does not show that they in any manner transcended their legal rights. But were it otherwise, the result claimed by the learned counsel would not follow.

The effect of a decree of discharge in insolvency, in this respect, depends upon the authority of the court which granted it, and not upon the conduct of the parties. As was said by the court in *Pullen* v. *Hillman*, supra, the question "is one of jurisdiction." The cases in the supreme court of the United States seem to establish the doctrine that the true ground upon which such a discharge is void as against non-resident creditors is that the insolvency court has no jurisdiction over them. In *Gilman* v. *Lockwood*, 4 Wall. 409, it is

said : — " Insolvent laws of one state cannot discharge the contracts of citizens of other states, because such laws have no extraterritorial operation, and consequently the tribunal sitting under them, unless in cases where a citizen of such other state voluntarily becomes a party to the proceeding, has no jurisdiction of the cause." In *Denny* v. *Bennett*, 128 U. S. 491, Miller, J., said : — " Whatever the court before whom such proceedings are had may do with regard to the disposition of the property of the debtor, it has no power to relieve him from the obligation of a contract which he owes to a resident of another state, who is not personally subject to the jurisdiction of the court." See also, *Hammond Beef and Provision Co.* v. *Best*, 91 Maine, 431, 42 L. R. A. 528 ; *Murphy* v. *Manning*, 134 Mass. 488 ; *Murray* v. *Roberts*, 150 Mass. 353, 15 Am. St. Rep. 209, 6 L. R. A. 346, and note ; *Cook* v. *Moffat*, 5 Howard, 309. If a non-resident creditor voluntarily participates in the insolvency proceedings of his debtor, he subjects himself to the jurisdiction of the court and is bound by its decrees. But if he stands aloof, he remains independent of the jurisdiction of the court, and his right of action upon a contract with his debtor is not thereby impaired, no matter what his conduct may have been. These plaintiffs resided beyond the jurisdiction of the insolvency court which decreed a discharge to the defendant. There was no power in that court to reach them. It had no jurisdiction over them. Its decree could not deprive them of their right of action. Hence the discharge of the defendant in insolvency is not a defense to this action.

The case of *French* v. *Robinson*, 86 Maine, 142, 41 Am. St. Rep. 533, cited and relied upon by the defendant is not like the one at bar. There the non-resident owners of a note assigned it to a citizen of this state, for a nominal consideration, in order that he might sue upon it in his own name in this state. The assignee recovered judgment, and in a suit on that judgment, a plea of discharge in insolvency was interposed. The court held that the plaintiff was the legal owner of the judgment, while the original assignors were equitable owners only, and that because the legal owner was a resident of the state the discharge was a defense. It was declared that "the insolvency court deals with the legal owners of

demands ordinarily." The doctrine of the opinion in that case is not applicable in this one. There the legal creditor was a resident, here the creditors were non-residents. There the legal creditor was subject to the jurisdiction of the insolvency court, here the creditors were not. The defense fails. The amount of the debt sued has been fixed by the stipulation of the parties.

*Judgment for plaintiffs for $197.24*
*and interest from the date of the writ.*