FRANK D. CALLAGHAN, *Trustee v.* SOLOMON KHOURY *& a.*

*Snow & Peyser* (*Mr. Peyser* orally), for the plaintiff.

*Everett J. Galloway* and *Frank E. Blackburn,* for the defendants, furnished no brief.

MARBLE, J. "The bankruptcy, like the death, of a partner, dissolves the partnership." *Eustis* v. *Bolles,* 146 Mass. 413, 414. And where a partnership has been dissolved by the bankruptcy of one of the partners, the surviving partner retains his authority over the partnership property after the bankruptcy clothed with a trust to apply the property to the discharge of the partnership obligations and to account to the trustee in bankruptcy for the bankrupt partner's share of the surplus. Annotation, 29 A. L. R. 45, 46, and cases cited.

"When an estate, property, interest, right or credit, legal or equitable, of a debtor against whom execution has been issued and returned unsatisfied is alleged to be so holden that it cannot be reached, or to have been conveyed by the debtor in fraud of his creditors, or to be held by others for the debtor's use, proceedings in equity may be had for a discovery, and for relief; and the court shall make proper decrees and orders, and issue proper process to compel a discovery, to prevent a transfer of the property and to make application of so much thereof as in justice ought to be applied in satisfaction of the debt." P. L., c. 317, s. 7. See, also, 1 Hening, Dig. 516.

"When a bill is filed under the provisions of section 7, the plaintiff may cause a certified copy thereof, and of the order thereon, to be filed in the office of the clerk of the town in which any defendant resides; . . . and such filing and the service of the bill upon such defendant shall constitute a lien, as against him and others having after-acquired rights, upon the personal estate, property, interest, right or credit to which the bill relates, or which may be discovered by the proceedings, for the performance of any decree or order relative thereto, in favor of the plaintiff against the defendant." P. L., c. 317, s. 13.

Section 75 (2) of the Bankruptcy Act, in force at the time the present proceedings were instituted, provides that a trustee in bankruptcy, "as to all property not in the custody of the bankruptcy court shall be deemed vested with all the rights, remedies, and powers of a judgment creditor holding an execution duly returned unsatisfied." 11 U. S. C. A. 180.

Khoury's interest in the partnership could be attached (*Treadwell v. Brown*, 43 N. H. 290), and the steps taken by the plaintiff in compliance with the provisions of the statute constituted a valid lien as against Khoury and those creditors whose rights had not then accrued.

The exceptions are sustained.

*Decree for plaintiff.*

All concurred.